SHELBY JOHNSON v. THE STATE.

No. 2453.   Decided June 27, 1913.

Rehearing denied October 15, 1913.

**1.—Embezzlement—Indictment.**

Where, upon trial of embezzlement, the indictment followed approved precedent, there was no error. Following Golden v. State, 22 Texas Crim. App., 1, and other cases.

**2.—Same—Theft by Bailee—Embezzlement—Distinction.**

Under article 1329, Penal Code, there must be a fraudulent taking, and a bailee can not be guilty of embezzlement unless there exists some fiduciary or trust relations between the bailor and bailee, and this necessitated the passage of article 1357, Penal Code, making conversions by bailee an offense, as for theft, to fill the hiatus existing between theft and embezzlement under our decisions. Discussing Reed v. State, 16 Texas Crim. App., 586.

**3.—Same—Rule Stated—Fiduciary Relations—Bailment.**

In each case the court must look to see whether or not a trust or fiduciary relation exists between the parties, and if it does exist, then the conversion by bailee constitutes embezzlement, otherwise it is theft by bailee.

**4.—Same—Case Stated—Boarding House Keeper—Boarder.**

Where defendant was the keeper of a boarding house and one of his boarders deposited money with him for safe keeping to be returned on demand, this would establish such relations between the parties as would constitute the appropriation of the money to his own use embezzlement.

**5.—Same—Landlord's Lien—Fiduciary Relations.**

The law gives the landlord a lien on all the property of his boarders deposited with him to secure him in the payment of his board bill, and this necessarily produces fiduciary relations between them.

Appeal from the District Court of Orange. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bisland & Adams,* for appellant.—On question of distinction between theft and embezzlement by bailee: Northcutt v. State, 60 Texas Crim. Rep., 259, 131 S. W. Rep., 1128; Bryant v. State, 57 Texas Crim. Rep., 267, 122 S. W. Rep., 543; Stephens v. State, 49 Texas Crim. Rep., 489, 93 S. W. Rep., 545.

On question of fiduciary relations: Brady v. State, 21 Texas Crim.

App., 659; Taylor v. State, 29 id., 466; State v. Johnson, 21 Texas, 775; Roeder v. State, 45 S. W. Rep., 570.

On question of landlord's lien: Kingsbury and wife v. Price, 59 S. W. Rep., 52; Torrey et al. v. McClennan et al., 43 S. W. Rep., 64.

C. E. Lane, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of embezzlement, and his punishment assessed at two years confinement in the penitentiary.

The indictment in this case is in strict conformity with the forms prescribed in White's Annotated Code, section 1629, and approved by this court in Golden v. State, 22 Texas Crim. App., 1, and Brown v. State, 23 Texas Crim. App., 214.

It is insisted that the offense in this case, if any committed, constitutes theft by bailee and not embezzlement. The facts would show that R. L. Norman came from Louisiana to Texas in search of work, and in Orange met appellant's daughter, whom he had known, and stated to her he was in search of work; that he asked about her father and was informed by the daughter that her father, appellant, was running a boarding house at Lemonville. That Norman went with the daughter and stopped at appellant's boarding house, and inquired of him about work, and appellant assisted Norman in getting work. Further it is shown by the evidence that appellant and Norman were acquaintances of long standing, and after getting work he went to boarding with appellant at his boarding house, and deposited with him for safe keeping $70 in money. We do not think these facts bring the case within the definition of theft by bailee, but it is clearly embraced within the embezzlement statute. In the case of Reed v. State, 16 Texas Crim. App., 586, what constitutes embezzlement by bailee was thoroughly discussed by this court, and the authorities fully reviewed, and it is there held: "The connection in which the term bailee is found in the statute under consideration indicates very clearly that it is not used in its largest sense—that it was not intended to comprehend every species of bailment, and all who might stand to the owner of money, property or effects in the relation of a bailee. It is limited and confined to bailees of a particular class, those having possession wholly and exclusively for the benefit of the bailor—bailments where the owner parts with the actual possession, not with the right of property, general or special, and is not without right to resume possession. The hirer of chattels for a term is a bailee, doubtless, but of a particular class or kind. The trust created is not exclusively for the benefit of the bailor, but rather for his own benefit. . . . It is not a bailment of this character the statute refers to, but to bailments in which the bailor and bailee stand in a fiduciary relation, in which the bailee acts for and on account of the bailor, and not for himself."

In theft as denounced by article 1329, it has been held that there must have been a fraudulent taking, and when the court construed the em-

bezzlement statute as above stated in the Reed case, that before a bailee could be guilty of embezzlement there must have been some fiduciary or trust relation existing between the bailor and bailee, this permitted many to go unpunished who obtained possession of money or property without fraud, such as hiring or borrowing a horse, and then converting it to his own use. The court held there being no fraudulent taking, it was not theft; and there being no fiduciary or trust relations existing between the parties by which the property came into his hands, such facts did not constitute embezzlement. Had the court in the Reed case given the word *bailee* as used in the embezzlement statute, its largest and broadest meaning or sense, there would have been no necessity for the passage of article 1357 making conversion by bailee an offense. But after the rendition of the opinion in the Reed case by the court giving the word bailee a limited meaning, and holding that a fiduciary or trust relation must exist between the parties to constitute embezzlement, the Legislature at its next session passed this article, and punished conversion by bailee as for theft. The law was passed to fill in this *"hiatus"* existing between theft and embezzlement under our decisions that no person converting another's property to his own use would escape punishment. In each case we must look to see whether or not a trust or fiduciary relation exists between the parties, and if it does exist, then the conversion by bailee constitutes embezzlement. If there is no such relation existing, then the offense is conversion or theft by bailee.

In this case appellant being the keeper of a boarding house, and one of his boarders depositing money with him for safe keeping to be returned on demand, would establish such relations between the parties as would constitute the appropriation of the money to his own use embezzlement. There are necessarily implied contractural relations between them. The law gives the landlord a lien on all the property of his boarders deposited with him to secure him in the payment of his board bill. (Art. 5663, Rev. Stats.) The custom and usage of all hotels and boarding houses are well known, not to be responsible for valuables carried to the rooms by the boarders or guests, but to be responsible if the valuables are deposited with the owner or clerk of the boarding house. In Words and Phrases, volume 3, page 2761, will be found a list of authorities defining the legal meaning of "fiduciary relations," and it will be seen that it clearly embraces those relations existing between the boarding house and hotel keeper and his boarder or guest. As this relation under the facts of this case existed between the parties, the offense constituted embezzlement, and the court did not err in so holding.

The other matters complained of present no error and the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 15, 1913.—Reporter.]