JIM BROWN v. THE STATE.

No. 3171.   Decided June 17, 1914.

Rehearing denied June 26, 1914.

**Carrying Pistol—Former Jeopardy.**

Defendant's contention that because he carried the pistol at the time and with which he killed deceased and was acquitted of the homicide, that, therefore, he could not be tried for unlawfully carrying a pistol is untenable, and

this would not be former jeopardy.  Following Ballard v. State, 71 Texas Crim. Rep., 168.

Appeal from the County Court of Scurry.  Tried below before the Hon. C. R. Buchanan.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Will S. Payne,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted, tried and convicted for unlawfully carrying a pistol.  His punishment was fixed at the lowest prescribed by law.

The uncontradicted evidence showed that he carried a pistol at the time alleged.  His sole defense was former jeopardy,—acquittal,—in that he was duly indicted in the District Court of said county for murder and was acquitted therefor.  His contention is that because he carried the pistol at the time and with which he killed deceased and was acquitted therefor, he could not be tried for unlawfully carrying a pistol.  Of course, no one would contend that under an indictment for murder a person could be tried for unlawfully carrying a pistol or that they were the same offense.,  That he unlawfully carried the pistol at the time and with which he killed a person, was tried and acquitted therefor, could not and would not be former jeopardy for unlawfully carrying a pistol.  Thomas v. State, 40 Texas, 36; Ballard v. State, 71 Texas Crim. Rep., 168.  It is unnecessary to cite other cases or discuss the question.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]