E. E. GOSE V. THE STATE.

No. 17529.  Delivered June 19, 1935.

The opinion states the case.

*W. T. Perkins,* of Quanah, and *Taylor, Muse & Taylor,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft by bailee; the punishment, confinement in the penitentiary for five years.

Appellant represented the Empire Mortgage Company as agent in making loans. He had no authority to receive or make collections, and received no commission for collections he might make, but simply transmitted same to the company as an accommodation to the payer. The injured party, George Collins, delivered a check to appellant on November 1, 1928, payable to appellant or his order, in the sum of $1280, with directions that said check, or its proceeds, be sent to the mortgage company for the purpose of being applied on a note Collins owed them. The proof on the part of the State was to the effect that appellant cashed the check and appropriated the proceeds.

Appellant contends that he cannot be guilty of theft by bailee for the reason that the bailment was exclusively for the benefit of Mr. Collins, the bailor. The State's Attorney before this Court expresses the view in his brief filed herein that appellant's contention is correct. He cites Branford v. State, 66 S. W. (2d) 330, from which we quote, as follows:

"We think there is not sufficient evidence in this case to show appellant guilty of theft by bailee. In some cases the offenses of embezzlement and of theft by bailee have become confused. Article 1534, P. C., defines embezzlement, and article 1429, P. C., defines theft by bailee. It will be noted that embezzlement has been a defined offense in this State since 1858, and the statute makes penal any person acting as agent, employee, clerk, etc., for another who has employed him, or put him in charge of property or money of such employer or principal, which money, property, etc., is held or used by such agent or employee for the benefit of his employer or principal. Examination of article 1429, supra, which was enacted in 1887, as well as the cases under same, makes evident the fact that this

statute intends to penalize him who hires, for his own use, or borrows, for his own benefit, or obtains from another under some agreement which amounts to a bailment, money or property so gotten for the use or enjoyment of the borrower or hirer, and not for the use and benefit of the person from whom he got it or to whom it belongs.

"Conceding that clothes, jewelry, etc., upon a dead wife are the property of the husband, in so far as the law of theft or embezzlement is concerned, we are constrained to hold that the embalmer or undertaker who has possession of such body for the purpose of embalming or preparing it for burial, holds it not for his own use but as the property of the husband, and for the purpose of executing the wishes and directions of the husband, whose employee or agent such undertaker is. In short, we think if any offense was committed by the taking of the ring in question by the appellant or his mother, if it was so taken, it could only be embezzlement and not theft by bailee. Certainly the undertaker does not borrow or hire the body for his own use or enjoyment."

In view of the fact that the bailment in the present case appears to have been for the exclusive benefit of the bailor, we are constrained to hold that there is not sufficient evidence to show appellant guilty of theft by bailee.

The judgment is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.