## I. STEIN V. THE STATE.

No. 18665.   Delivered February 3, 1937.
Rehearing Denied April 28, 1937.

The opinion states the case.

*Dave Watson,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft by bailee; the punishment, confinement in the penitentiary for five years.

It was alleged in the indictment, among other things, that appellant possessed the property in question by virtue of a contract of bailment with R. D. Coley. Appellant made a motion to quash the indictment on the ground that it failed to allege "the kind or character of bailment or contract." In Collins v. State, 92 Texas Crim. Rep., 388, we held in an embezzlement case that the description of the accused in the indictment as bailee was sufficient. See also Dowdy v. State, 64 S. W., 253, and Goodwyn v. State, 64 S. W., 251. We quote from Malz v. State, 36 Texas Crim. Rep., 451, as follows:

"The contention of the appellant is that the indictment—which in this case alleges, among other things, a pledge or pawn, and which the proof establishes—is not covered by the statute; that is, that the statute specifies a hiring or borrowing, and the expression 'or other bailment' does not include other offenses, where the property may be in the hands of a bailee and converted, because the statute does not define the term 'bailment,' and our law requires all offenses to be defined before a conviction can be sustained, there being no offenses outside of our statute. In other words, the contention is that the word 'bailment' should be specifically defined; that is, that all characters of bailment should be specified. While it is true there are a number of different sorts of bailments, which are ordinarily classed into deposits, mandates, gratuitous loans, bailments for hire, and pledges or pawns, still each of said kinds of bailment is of the same general character, and is defined 'to be a delivery of personal property to another, for some purpose, upon a contract, express or implied, that such purpose shall be carried out.' See Fulcher v. State, 32

Tex. Cr. R. 621 (25 S. W. 625) citing 2 Bl. Comm., 451; Jones, Bailm., 117; and Story, Bailm. Sec. 2. In 2 Amer. & Eng. Ency. of Law, p. 40, 'bailment' is defined as follows: 'A transfer of the possession of personal property from one person to another, without a transfer of the ownership of it.' These are standard definitions of the terms, and are well understood, and there can be no difficulty about the meaning of the term 'bailment.' It is so plain that we apprehend that no person who receives the possession merely of any character of personal property in trust, upon some contract, express or implied, that the trust shall be performed in regard thereto, but knows that the said property is received in bailment, is not his own, and is to be restored to the owner after the trust has been performed, no matter what the character of the trust may be. Indeed, under our statutes with reference to embezzlements, no question has ever been made with reference to the term 'bailee,' as used in said statute, and it has been uniformly held that such term was sufficiently defined. Nor does the omission of one character of bailment, as a hiring or borrowing, restrict the meaning of the more comprehensive term 'bailment.' It was a canon in the construction of criminal laws, under the common-law system, that penal statutes must be construed strictly. But our statutes authorize a liberal construction for the prevention, suppression, and punishment of crime. See Code Crim. Proc. 1895, art. 25. It is further provided 'that this Code, and every other law upon the subject of crime which may be enacted, shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects. And no person shall be punished for an offense which is not made penal by the plain import of the words of the law.' See Penal Code, 1895, art. 9. 'Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning, and all words used in this Code, except where the word, term, or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject-matter relative to which they are employed.' Id. art. 10. Holding, as we do, that the term 'bailment' has a well-understood meaning, there was no necessity to further define the same in article 877, Penal Code."

It being sufficient in an embezzlement case to charge that

the accused received the property as bailee, it would seem to follow that in an indictment charging theft by bailee it is sufficient to allege that the accused was in possession of the property under a contract of bailment. The opinion is expressed that the motion to quash was properly overruled.

Appellant contends that the evidence fails to support the conviction, it being his position that if any offense was shown to have been committed it was embezzlement and not theft by bailee.

R. D. Coley, the injured party, testified that he delivered to appellant shelled pecans of the value of more than fifty dollars under an agreement with appellant that he would clean the pecans and return them to him. He agreed to pay appellant a cent a pound for his work. According to the testimony of the State, appellant converted the pecans to his own use. Testifying in his own behalf, appellant denied that he had received the pecans under a contract to clean them and return them to Mr. Coley. According to his version, Mr. Coley sold him the pecans.

It is appellant's specific contention that the contract of bailment is shown to have been for the exclusive benefit of the bailor. He therefore seeks to invoke the rule that bailments exclusively for the benefit of the bailor are not comprehended by Art. 1429, P. C., denouncing theft by bailee, but are within the purview of Art. 1534, P. C., defining embezzlement. See Johnson v. State, 159 S. W., 849; Lee v. State, 193 S. W., 313. In Lee v. State, supra, this court pointed out that text writers divided bailments into three classes: (1) Those for the benefit of the bailor or a third person; (2) those for the benefit of the bailee; and (3) those for the mutual benefit of the bailor and bailee or one of them and a third party. From 5 Tex. Jur., 1015, we take the following: "Whether a bailment is gratuitous or for the mutual benefit of the bailor and bailee is a question often difficult to determine. It appears to be clear, however, that where no consideration moves to the recipient of the property as a special bailee for safekeeping, the bailment is gratuitous. On the other hand, where one takes property into his custody for compensation he becomes a bailee for hire."

In 6 Corpus Juris, page 1100, it is said:

"Under the head of bailments for the benefit of bailor and bailee are found the pledge and the locatum, or what is denominated generally as a bailment for hire. The latter com-

prises four distinct classes, namely, the hire of a thing, or locatio rei, by which the hirer gains the temporary use thereof; the hire of services on or about a thing, or locatio operis faciendi, when work and labor or care and pains are to be performed or bestowed on the thing delivered; the hiring of the carriage of things, or locatio operis mercium vehendarum, where goods are bailed for the purpose of being carried from place to place, either to a private person or to a person exercising a public employment as a carrier; and the hiring of the custody of things, or locatio custodiae."

In Lee v. State, supra, this court held that a contract for the benefit of both the bailor and the bailee is comprehended by the statute denouncing theft by bailee. In the present case the bailment was for the benefit of the bailee to the extent that for compensation he was to perform work and labor on the property delivered to him. Under the circumstances, we are of opinion that the bailment was for the mutual benefit of the bailor and bailee, and that, therefore, it was comprehended by the statute denouncing theft by bailee. See also Langford v. Nevin, 298 S. W., 536.

In support of his position, appellant cites Gose v. State, 84 S. W. (2d) 234, and Branford v. State, 66 S. W. (2d) 330. In the Gose Case it is clearly shown that the services to be performed in connection with the property delivered to the bailee were gratuitous. In short, the bailment was for the exclusive benefit of the bailor. Under the circumstances, we held that a conviction for theft by bailee could not stand. In Branford's Case it does not appear that the ring which it was alleged had been converted by Branford was in his possession by virtue of a contract of bailment for the benefit of bailee. It was expressly stated in the opinion that it appeared the property was held for the exclusive benefit of the bailor.

A careful examination of the record leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, JUDGE (Dissenting).—My brethren have reached the conclusion that the indictment in the present case is sufficient. I am aware that they are supported by many

authorities from other jurisdictions and by some cases from our own court which are cited in the majority opinion, which at least are persuasive in upholding the indictment. I entertain such serious doubts in regard to the matter that I think it not inappropriate that I express my views regarding it. Our statute, Art. 1429, P. C., provides:

"Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or *other bailment* who shall without the consent of the owner, fraudulently convert such property to his own use * * * shall be punished as for theft of like property."

We have held that the term "other bailment" covers every class of bailment known to the law except that of hiring or borrowing, which is specifically mentioned. There are some six general classifications of bailments with numerous subheads under each classification. If our statute, instead of attempting to cover all others than hiring or borrowing, by the general term "other bailments" had specified each one of them by name, an indictment which alleged under that kind of definition that a party was simply in possession of the property by a contract of bailment, or alleged that he was in possession of the property under a contract which brought it within one of the numerous species of bailments named by the statute without naming the kind, such an indictment unquestionably would have been held bad pleading. I have not been able to escape the conclusion that by the use of the general term "other bailment" in our statute, the meaning is exactly the same as if each character of bailment had been named by the law-makers, and that simply alleging in an indictment that a party is in possession of property under a contract of bailment does not comply with our constitutional provision which requires that a party by a charge against him be advised of the offense he is alleged to have committed. To say the least of it, much the better pleading would suggest that the character of bailment should be named, and if necessary, such facts averred as shall advise an accused of the character of the contract under which it is claimed he held the property.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The legal questions presented in the instant case are the same as those which were before the court in the case of W. R. Bell v. State, No. 18,692, recently decided. (Reported on page 81 of this volume.)

Upon the authority of that case the motion for rehearing in the present instance is overruled.

*Overruled.*