V. C. SMITH, *alias* VAN SMITH V. THE STATE.

No. 21335. Delivered January 8, 1941.
Rehearing Denied March 19, 1941.

The opinion states the case.

*F. H. Hammond*, of Burnet, for appellant.

*Carlos C. Ashley*, District Attorney, of Llano, *Thos. C. Ferguson*, Special Prosecutor, of Burnet, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft by bailee of property over the value of $50.00. The punishment assessed is confinement in the State penitentiary for a term of three years.

It appears from the State's evidence, as disclosed by the record, that Mr. L. S. Chamberlain and his wife, Ruth Lamon Chamberlain, intended to build a home. They engaged a carpenter to assist in drawing plans for the house and to prepare a list of the material necessary to construct such a home. After they had agreed upon the plan, the carpenter made a complete list of the material required. This list was presented to appellant, who was apparently engaged in the lumber business, with the purpose of having him make a price on the material. He agreed to furnish all the specified material for the sum of $1295.81. However, in the course of the construction of the building some minor changes were made which increased the price of the material approximately one hundred dollars. About the first of August, 1939, at which time the home was almost completed, Mr. and Mrs. Chamberlain contemplated the build-

ing of a garage with an apartment. They consulted the appellant about obtaining from him some material on credit. He suggested that they had better make application to the F. H. A. for a loan. Appellant prepared, or caused to be prepared, an application for a loan to them and they, upon his suggestion, executed a note in the sum of $2,500.00, payable to appellant, secured by a deed of trust on the newly constructed home, together with a designation of other property as their homestead. After a few weeks had passed, Mr. Chamberlain, having heard nothing from the application, inquired of appellant as to what had become of it. Appellant advised him that it was turned down but that he was trying to get a bank at Temple to carry it. It was further shown that as soon as appellant obtained the note and deed of trust, he had the deed of trust recorded and sold the note, which was payable in installments of $27.50 per month, to a bank in Bertram, Texas, for the sum of $1975.00. Appellant paid the first installment due on said note. When the second installment became due, the bank notified Mr. Chamberlain and this was the first intimation he had that appellant had sold the note and diverted it from the object of their agreement.

Appellant took the witness-stand and testified that after Chamberlain had paid him a total of $1314.93 on the material, he still owed him $2533.16, and the note and deed of trust were given for the unpaid balance.

Appellant's first complaint is that the trial court erred in declining to sustain his motion to quash the indictment which contained four counts. The first count, under which he was convicted, omitting the formal parts thereof, reads in substance as follows:

"That V. C. Smith, alias Van Smith, on or about the 1st day of August, A. D., one thousand nine hundred and thirty nine and anterior to the presentment of this Indictment, in the County of Burnet, State of Texas, having possession of a certain promissory note, dated August 1st, 1939, for $2500.00, and of the tenor following: (Here follows a description of the note which is set out in haec verba.)

"And also having possession of a certain Deed of Trust lien in writing of even date with said note, granted by L. S. Chamberlain and wife, Ruth L. Chamberlain, to secure said note, purportedly creating a lien upon certain lands and premises in the City of Burnet, County of Burnet, State of Texas, which Deed of Trust is shown of record in the Deed of Trust Records

of Burnet County, Texas, in Volume 23, page 448, et seq., which said note and lien was then and there of the value of Two Thousand Five Hundred Dollars, and was then and there the property of L. S. Chamberlain and Ruth L. Chamberlain, by virtue of a bailment between them and the said V. C. Smith, alias Van Smith, and the said V. C. Smith, alias Van Smith, did then and there unlawfully and without the consent of the said L. S. Chamberlain and Ruth L. Chamberlain, the owners, fraudulently convert said note and lien to his, the said V. C. Smith, alias Van Smith, own use and with the intent to deprive the said L. S. Chamberlain and Ruth L. Chamberlain, the owners thereof, of the value of the same."

Appellant claims that the indictment failed to charge him with any offense and for the following reasons:

(1) Because the note, being set out in the indictment, shows upon its face that it was made payable to him; that he was the owner thereof and could not be guilty of stealing his own property; that there are no innuendo averments explaining how or in what manner L. S. Chamberlain and Ruth Lamon Chamberlain acquired ownership or possession thereof, together with the deed of trust, upon the real estate located in Burnet County by which the note was secured.

(2) Because the instrument upon which the prosecution is based is ambiguous, uncertain and indefinite in that it fails to advise him of what he will be required to meet with proof upon his trial; that there is no allegation of what the said bailment was, nor the nature thereof, etc.

(3) Because it fails to negative the non-consent of the alleged joint owners of the property described therein.

Appellant's assertion that one cannot be guilty of theft of his own property is a misconception of the law. Article 1416, P. C., specifically states four conditions which would make one guilty of theft of his own property. However, this statute has no application to the instant case.

It is charged in the indictment that the note was of the value of $2500.00; that it was the property of L. S. Chamberlain and Ruth L. Chamberlain; that appellant obtained possession thereof by virtue of a bailment between them and him and that he did then and there unlawfully and without the consent of the said L. S. Chamberlain and Ruth L. Chamberlain, the owners thereof, fraudulently convert said note and lien to his own use with the intent to deprive the said L. S. Chamber-

lain and Ruth L. Chamberlain, the owners, of the value thereof.

Appellant being charged as a bailee, it was not necessary to aver the particular facts constituting the bailment; nor was it necessary to state how he came to be selected as a bailee. See Section 2522, Branch's Ann. Texas P. C.; McCarty v. State, 45 Texas Cr. R. 512; Stein v. State, 132 Texas Cr. R. 350, 104 S. W. (2d) 508. However, in the Stein case, supra, Judge Hawkins dissented.

With reference to the want of consent of the alleged owners, it will be observed that it is charged in the indictment that appellant did then and there unlawfully and without the consent of L. S. Chamberlain and Ruth Chamberlain, fraudlently convert, etc. We construe this language to mean that the note was converted without the consent of L. S. Chamberlain and also without the consent of Ruth L. Chamberlain. The note was made payable to the appellant and secured by a deed of trust on real estate in Burnet County to be used by him in obtaining from the F. H. A. (the Federal Government) for L. S. Chamberlain the amount of money therein specified, and the money so obtained was to be delivered by appellant to Chamberlain. The note was not the property of the appellant. He merely had a possessory interest in the note. It was delivered to him under an agreement for a specific purpose; and when he violated the agreement, his possession thereof ceased to be permissive and the disposition thereof, contrary to the agreement, was an appropriation of the note.

Appellant cites us to a number of cases as supporting his contention, among them being Arseneaux v. State, 63 Texas Cr. R. 566. In our opinion, the cases cited are not applicable here. In those cases it was not alleged that the property was taken without the consent of each of the owners. We think that this case comes within the rule announced by this court in Taylor v. State, 62 Texas Cr. R. 611; Butler v. State, 49 Texas Cr. R. 159.

The record discloses that appellant made no effort to transfer the note to the F. H. A. in exchange for money, but immediately upon obtaining possession thereof, sold it to The Farmers State Bank at Bertram, Texas, for $1975.00. The deed of trust was but an incident to the note. It followed the note, and when the note was paid or cancelled, it extinguished the deed of trust. Hence the averment that appellant appropriated the deed of trust was surplusage. When he took the note to Bertram with the purpose of selling it to the bank and appropriate the

money to his own use, he repudiated his contract with Chamberlain, and his right to the possession thereof ceased because his intent had changed from a lawful to an unlawful purpose. We therefore overrule his contention that the court erred in declining to sustain his motion to quash the indictment.

Appellant complains of the action of the trial court in declining to sustain his motion to require the State to elect upon which of the three counts in the indictment it would seek a conviction. The indictment in this case grew out of a single transaction. It charged appellant in the first count with having converted as bailee a note for $2500.00 described in the indictment, in the second count with having embezzled the note, and in the third count with having embezzled the proceeds of the note. It seems to be the settled rule in this State that where only one act or transaction is charged and different counts are contained in the indictment to meet the possible variations of proof, the State will not be required to elect upon such counts, at least where the accused will not be prejudiced. Nor may an election be compelled where different counts charging the same character of offense are drawn to prevent a variance and there is evidence to support each count. See 23 Tex. Jur., p. 663, sec. 53; Isaacs v. State, 36 Texas Cr. R. 505; Lovejoy v. State, 40 Texas Cr. R. 89; Byrd v. State, 90 Texas Cr. R. 418.

In the case of Mannen v. State, 3 S. W. (2d) 443, the indictment contained three counts, all of them based on the same act or transaction. While the State in that case did elect, this court, in passing upon the question, said:

"The necessity for an election between the counts is not perceived. The averments were appropriate to meet possible phases of the proof and avoid variance." (Citing Gonzales v. State, 12 Tex. Cr. App. 663, and other cases cited in Branch's Ann. P. C., p. 233).

By Bill of Exception No. 2 appellant complains of the court's action in overruling his second application for a continuance based on the absence of certain witnesses therein named. The application does not conform to the statute relating to subsequent motions for a continuance in that it fails to allege that the defendant has a reasonable expectation of procuring the same at the next term of court. The indictment was returned against appellant on December 6, 1939, and the case was called for trial on December 9th, at which time it was postponed until December 11th. On the 11th day of December, 1939, the court granted appellant's application for a continuance by reason of the absence of said witnesses. On June 10, 1940, appellant filed

his second application for a continuance based upon the absence of the same witnesses mentioned in his first application. Under the facts disclosed by the record, if appellant had any reasonable expectation of procuring the attendance of the witnesses, it would have been an easy matter to have so stated and in the absence of such an allegation the court could not indulge in such a presumption. See Arts. 542 and 544, C. C. P.

Bill of Exception No. 3 reflects the following occurrence: After the State had introduced its evidence and while the defendant was testifying in his own behalf, he undertook to testify to facts showing the diligence which he exercised in his endeavor to procure the attendance of the witnesses named in his application for a continuance. The State objected thereto at that stage of the proceeding. The court sustained the objection and appellant duly excepted. We think the court was eminently correct in its ruling. Such testimony might have been offered on the hearing of the motion in the event any issue was made thereof, but such was not the case. Moreover, the application for a continuance had already been disposed of and the jury who were to pass upon the appellant's guilt or innocence had nothing to do with the question of a continuance.

Appellant addressed a number of objections to the court's charge. Many of them related to the court's instruction on the law of embezzlement. However, since the jury found him guilty of theft, the objections to the court's charge relative to embezzlement passed out of the case. Therefore, we need only consider the appellant's objections to the court's instruction relative to the law of theft by bailee.

The definitions in the court's charge of the terms "bailment," "bailee" and "conversion" are sufficient for a clear understanding by the jury of what is meant by said terms.

Appellant complains of the court's charge relative to his affirmative defense. He contends that the court erred in declining to instruct the jury that if the note was executed and delivered to the appellant in payment of material to be furnished by him to L. S. Chamberlain and Ruth L. Chamberlain, then the jury should acquit him. It is our opinion that appellant was not entitled to such an instruction because there was no testimony that the note was given in payment for material to be furnished at some future time. Appellant's entire testimony shows that the note was delivered to him by L. S. Chamberlain and Ruth L. Chamberlain in payment of material which had been furnished in the construction of their home, and the

court properly and adequately instructed the jury on this phase of his defense.

Bill of Exception No. 4 shows that appellant objected to the following remark by the District Attorney in his closing argument: "This defendant is no fool; he is a crook." We are not prepared to say that the remark was not a reasonable deduction from the evidence. It seems that appellant, by education and experience, had acquired a better knowledge of business matters than the average person. He was in the lumber business. He knew how to make an application to the F. H. A. for a loan. This, together with his conduct in procuring the note and deed of trust, his haste in disposing of the note and using the money, would justify the remark. Appellant most certainly was not treading along the straight and narrow path. However, the court instructed the jury not to consider the same for any purpose. See Fowler vs. State, 39 S. W. (2d) 621; Franklin v. State, 283 S. W. 802.

Appellant's next contention is that the verdict of the jury is too general in that it fails to specify on which of the three counts of the indictment they found him guilty. The court submitted all three counts to the jury, and they returned a general verdict finding appellant guilty as charged in the indictment and assessed his punishment at confinement in the State penitentiary for a term of three years. The court applied the verdict to the first count wherein appellant was charged with theft by bailee of the note in question.

In the case of Byrd v. State, 235 S. W. 891, 90 Texas Cr. R. 418, Judge Lattimore, speaking for the court, said:

"The indictment contained four counts, but two of which were submitted to the jury. As we understand the rule, where but a single transaction is referred to and involved, the state may present as many counts in its pleadings as it sees fit, and no election will be required. This applies in the instant case. It is not necessary in such case that the verdict specify the count under which the conviction is had. But one transaction being involved, but one conviction could legally result, and the doctrine of autrefois convict or acquit would apply to any future effort of the state to prosecute the accused."

The same legal doctrine was applied in the case of Southern v. State, 29 S. W. 780.

In the case of Lovejoy v. State, 48 S. W. 520, it was said:

"It may be the correct doctrine, if counts in an indictment contain distinct offenses which are repugnant one to the other, that in such case the court cannot say on which one the jury may have found defendant guilty. But there is no repugnancy in this case between the act of forging and uttering the forged instrument. Indeed, they are entirely consistent with each other, and as a general rule the forger is also the utterer."

So, in the case under consideration, there is no repugnancy between the various counts embraced in the indictment. Hence the same rule as laid down in the case of Lovejoy v. State, supra, applies in the instant case.

Appellant's last and final contention is that his conviction for theft by bailee is not sustained by the evidence because it shows that if there was a bailment, it was for the exclusive benefit of the bailor. He cites us to the case of Gose v. State, 84 S. W. (2d) 234, in support of his contention. We are of the opinion that the facts proven upon the trial of this case are such as will readily distinguish it from the Gose case, supra. In the present case, the evidence shows that appellant was a dealer in lumber. He had sold to Chamberlain all the lumber for the construction of a home and made a profit of 33 1/3% on the transaction. When Chamberlain expressed the desire to obtain a loan with which to construct a garage with an apartment, appellant expected, by reason of his former business transaction with Chamberlain which had not terminated and by offering to assist him in obtaining the money with which to buy the lumber and material required to construct the garage-apartment, to sell the necessary material to Chamberlain and to make a like profit as he did on the material furnished in the construction of the home. The fact that Chamberlain did not obtain the contemplated loan and did not purchase the material from the appellant was entirely due to appellant's breach of trust and his misconduct in converting the note in question to his own use and benefit. That appellant expected to sell to Chamberlain the necessary material to build the garage is fairly inferable from all the surrounding facts and circumstances as well as their previous relationship. Up to the time that the note was delivered to appellant nothing had occurred which interrupted or terminated their business transactions. See Citizen's National Bank of Jasper v. Ratcliff & Lanier, 238 S. W. 362.

In Tex. Jur., Vol. 5, p. 1015, sec. 5, we find the following statement:

"In determining whether a bailment is gratuitous or lucra-

tive, the court has said that inquiry is not directed to the character or certainty of the benefit or profit but to whether the bailment was accepted for the purpose of depriving the one or the other. Generally if the bailment was made at the instance or on the invitation of the bailee because of benefits, direct or contingent, expected to accrue, or on a contract, express or implied, having a legal consideration ,it is not gratitous."

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

In his motion for a rehearing appellant calls to our attention a matter relative to the indictment wherein the allegation of a want of consent of the owners of the property alleged to have been taken is claimed to be a want of a joint consent, and does not negative the want of consent of both or either of such persons.

The portion of the indictment complained of is set forth in the original opinion. We note that the same negatives the consent of the owners of the property in the following language:

"* * * and the said V. C. Smith, alias Van Smith, did then and there unlawfully and without the consent of the said L. S. Chamberlain and Ruth L. Chamberlain, the owners thereof, fraudulently convert said note and lien to his, the said V. C. Smith, alias Van Smith, own use and with the intent to deprive the said L. S. Chamberlain and Ruth L. Chamberlain, the owners thereof, of the value of the same."

We are cited to the case of Thomas Taylor v. State, 18 Texas App., 489 which, if applied to this case, would hold defective the allegation of a lack of consent as evidenced by the words "L. S. Chamberlain and Ruth L. Chamberlain," standing alone, without a further description or designation of such two persons. The opinion in the above case was written by Judge Willson, and again we find an opinion written by the same judge in the

19 Texas App. 276, Williams v. State, which reads in part as follows:

"Appellant's proposition that where ownership is alleged in two persons the want of consent of both to the taking must be alleged and proven is unquestionably correct. (McIntosh v. The State, 18 Texas Ct. App. 285.) We think this requirement was sufficiently fulfilled in this case. Ownership of the property was alleged to be in the firm of Mallory & Allen, composed of S. T. Mallory and Jacob Allen. It was alleged that the property was taken without the consent of the owner. It would have been correct to have written owners, but, as it is, the word owner is critically correct when applied to the firm, and embraces each member of the firm."

We also find in the case of Albert Taylor v. State, 62 Texas Cr. R. 611, the following statement:

"The first question presented in appellant's brief is that the indictment should be quashed, the indictment alleging that the one head of cattle was the property of John Brown and L. Carr. It is insisted the indictment should have alleged that the property was taken without the consent of John Brown, and without the consent of L. Carr, or either of them. We do not think the motion is well taken. When the allegation is that the property was taken without the consent of Brown and without the consent of Carr, no additional allegation as to want of consent is necessary. Williams v. State, 19 Texas Crim. App. 276. The cases cited by appellant are not applicable in that in those cases it was not alleged that property was taken without the consent of each of the alleged owners. In this indictment the allegation is specific that the property was taken without the consent of each of them."

Again, in the case of Wesley v. State, 45 Texas Cr. R. 64, 73 S. W. 960, we find the following:

"The indictment is questioned by motion in arrest of judgment because it does not sufficiently negative the consent of the owners. It is charged that the ownership was in the firm of McMullen & Marshall, consisting of T. N. McMullen and Ned Marshall. The proof shows there were two T. N. McMullens, and the McMullen mentioned in the indictment under the evidence was 'Jr.,' and that by reason of this fact there is a variance; and also that the general allegation that the property was taken without the consent of the owners is not sufficient; that the indictment should have specifically negatived the con-

sent of each owner. The indictment is sufficient with reference to the allegation of want of consent of the owners. Williams v. State, 19 Texas Crim. App. 276."

We are aware of a contrary holding to the above in Scott v. State, 68 S. W. 680, and with such holding we are not in accord.

It is our holding herein that the allegation that such property was acquired "without the consent of L. S. Chamberlain and Ruth L. Chamberlain, the owners thereof," means what it says, and that is that such acquisition was without the consent of both of them, which means either of them, they being the owners thereof.

We think the motion should be overruled, and it is accordingly so overruled.