J. L. BLAKE V. THE STATE.

No. 22777. Delivered April 5, 1944.
Rehearing Denied May 31, 1944.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of three years in the penitentiary on a charge of theft.

The issues of law involved in this case are not very clear due to the fact that both the prosecuting witness and the defendant testified largely to conclusions which are more confusing than helpful. It is certain however, that there was a sharp disagreement between them as to the trade which was made between Mr. Anderton and appellant which gave appellant possession of about sixty-five head of cattle, mostly small calves. It was Anderton's conclusion that he turned these cattle over to appellant to be pastured through the spring and summer, or until such time as he might call for them. They were not to be removed from the pasture for any purpose without Anderton's consent and he alone had the right to sell them. He retained absolute ownership. The State charged theft in the indictment based on the theory of bailment. An exception was lodged at this indictment, based upon the contention that it would be necessary for it to allege the kind and character of bailment in order to give the accused proper notice of the crime with which he was charged. The trial court followed Stein v. State, 104 S. W. (2d) 508 and Bell v. State, 104 S. W. (2d) 511, each holding against that view.

It is quite correct that this court has on more than one occasion approved an indictment alleging a bailment which does not classify the bailment pleaded, nor plead any matter which would inform the accused of the character of bailment the State would seek to prove. Always the court has been confronted with the contention that such pleading was in contravention of the Sixth Amendment to the Constitution of the United States and of Article I, Section 10 of the Constitution of Texas.

A review of these decisions indicates that at least the more important opinions have been from a divided court. The question has evidently been considered a difficult one and the writer of this opinion finds it to be so. It involves a right so fundamental to our procedure that we have considered it of sufficient importance to call for an extended investigation in which all members of the court have devoted far more than ordinary time and attention. It is our conclusion that we should, and we do, present our views on the Constitution and construe the statute in question cautiously, but with greater care that we follow the Constitution than that we follow former decisions of the court. We confess reluctance to disturb these holdings and do so only because of our devotion to the Constitution under which all of our laws are based and in the light of which they must be construed.

Prosecution in this case is for theft by bailee and is brought under Article 1429, Vernon's Ann. P. C. which applies to "any person having possession of personal property of another by virtue of a contract of hiring or borrowing or other bailment, etc." It is the contention of the State that the indictment is sufficient when it alleges a bailment without any pleading to indicate the kind or character of the bailment referred to. The indictment in the instant case simply says: "* * * having possession of one head of cattle * * * by virtue of a contract of bailment * * *." We call attention to the fact that the statute in part enumerates by referring to a bailment created by virtue of a contract of hiring, or by borrowing or other bailment.

A bailment has been variously defined by different text writers which is a natural consequence of writing a definition of a subject created in so many different ways. Some have recommended that there be but three classes of bailments; those for the benefit of the bailor or some person he represents; those for the benefit of the bailee or one he represents and those which are for the benefit of both parties. This is probably the simplest suggestion which we have found but is sufficiently complicated to indicate the difficulty the accused may have in an effort to inform himself from an indictment like the one now before us, of the charge he must meet. Sir William Jones gave five divisions on an entirely different basis: deposits, commission without recompense, loan and use without pay, pawn and hire. Some of these divisions were further subdivided. We note that other opinions refer to six decisions and recognize many subdivisions. It is hardly conceivable that the State would be required to analyze, define and present the exact class or sub-class according to some accepted text in order to comply with the Constitutional requirements. However, we do believe that the facts of the bailment can and should always be pleaded in such manner as that the accused in each case may gather from the indictment the "nature and cause of the accusation" against him and thus preserve his rights under the Constitution. The offense should be so pleaded as to notify him of the things he must prepare to meet on the trial of his case and also to identify the offense as to enable him to plead jeopardy in a subsequent indictment. U. S. v. Aviles, 222 F. 474; U. S. v. Armour & Co. 48 Fed. Sup. 801 and Fontana v. U. S. 262 F. 283. We quote from the Fontana case:

"The basic principle of English and American jurisprudence is that no man shall be deprived of life, liberty, or property without due process of law; and notice of the charge or claim against him, not only sufficient to inform him that there is a

charge or claim, but so distinct and specific as clearly to advise him what he has to meet, and to give him a fair and reasonable opportunity to prepare his defense, is an indispensable element of that process. When one is indicted for a serious offense, the presumption is that he is innocent thereof, and consequently that he is ignorant of the facts on which the pleader founds his charges, and it is a fundamental rule that the sufficiency of an indictment must be tested on the presumption that the defendant is innocent of it and has no knowledge of the facts charged against him in the pleading. Miller v. United States, 133 Fed. 341, 66 C. C. A. 399, 403; Naftzger v. United States, 200 Fed. 494, 502, 118 C. C. A. 598, 604.

"It is essential to the sufficiency of an indictment that it set forth the facts which the pleader claims constitute the alleged transgression, so distinctly as to advise the accused of the charge which he has to meet, and to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may be able to determine whether or not the facts there stated are sufficient to support a conviction. United States v. Britton, 107 U. S. 665, 669, 670, 2 Sup. Ct. 512, 27 L. Ed. 520; United States v. Hess, 124 U. S. 483, 488, 8 Sup. Ct. 571, 31 L. Ed. 516; Miller v. United States, 133 Fed. 337, 341, 66 C. C. A. 399, 403; Armour Pkg. Co. v. United States, 153 Fed. 1, 16, 17; 82 C. C. A. 135, 150, 151, 14 L. R. A. (N. S.) 400; Etheredge v. United States, 186 Fed. 434, 108 C. C. A. 356; Winters v. United States, 201 Fed. 845, 848, 120 C. C. A. 175, 178; Horn v. United States, 182 Fed. 721, 722, 105 C. C. A. 163, 167."

The court further said that if the indictment had alleged such time, place, occasion, circumstance, persons present or any other distinguishing earmark whereby defendant could have found out and identified the occasion or occasions when the government intended to offer proof as to the things done so that the accused might be able to investigate the charges, to learn who were present and possible witnesses so as to prepare his defense, a different question would be presented.

The indictment in the instant case gave no indication of the kind and character of contract, whether it is express or implied, its origin or duration, and no condition which would convey to the accused the information which the makers of the Constitution evidently had in mind he was entitled to have. It is quite likely that the matter is presented in a more con-

spicuous way in the instant case than it has been in former indictments which this court had before it and that thus, the question may be viewed in a different light. It is often true that multiple applications of rules to varied facts are required in order to raise all the questions proper to be considered.

In the case of Stein v. State, supra, Judge Hawkins dissented from the majority opinion. We have read the very terse statement with great interest and satisfaction because it so forcefully presents the view with which the writer is impressed. We particularly quote the following:

"I have not been able to escape the conclusion that by the use of the general term 'other bailment' in our statute, the meaning is exactly the same as if each character of bailment had been named by the lawmakers, and that simply alleging in an indictment that a party is in possession of property under a contract of bailment does not comply with our constitutional provision which requires that a party by a charge against him be advised of the offense he is alleged to have committed."

This sufficiently states our view on the proper construction which should have been given to the statute from the time of its passage. We are further of the view that the construction contended for by the State in the instant case is contrary to the quoted provisions of the Constitution, both of our State and of the United States.

The holding in the majority opinion in the Stein and Bell cases, supra, and others to the same effect, will not be followed. So concluding, it is now ordered that the judgment of the trial court be reversed and the prosecution be dismissed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

The charging part of the indictment upon which this conviction is predicated is that appellant "having possession of one head of cattle, then and there the property of Dick Anderton, by virtue of a contract of bailment between him, the said J. L. Blake, and the said Dick Anderton, did then and there unlawfully and without the consent of the said Dick Anderton, the owner thereof, fraudulently convert said one head of cattle to his, the said J. L. Blake's own use and with the intent to deprive the said Dick Anderton, the owner thereof, of the value of the same;".

By such indictment, the State sought and obtained a conviction for theft by conversion by bailee, as defined in Art. 1429, P. C., which reads as follows:

"Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished as for theft of like property."

Under this Article, the bailment which is a delivery of goods for some purpose, on a contract, which, after the purpose has been fulfilled, is to be returned to the owner, may be either one of hiring or of borrowing, or "other bailment."

In the instant indictment, the bailment is not described in any particular. Therefore, the State was, upon the trial of the case, permitted to prove any bailment that the facts supported or authorized, and this without previous notice in the indictment as to the kind or nature thereof. Such an indictment, we hold, when challenged by the appellant, is insufficient to meet that provision of our State Constitution that an accused is entitled to know the "nature and cause of the accusation against him" (Art. I, Sec. 10). In reaching such conclusion, we expressly overruled the case of Stein v. State, 104 S. W. (2d) 508, 132 Tex. Cr. R. 350, and Bell v. State, 104 S. W. (2d) 511, 132 Tex. Cr. R. 81, which were followed in the drafting of the instant indictment.

The reference to the Federal Constitution and federal authorities in our original opinion was for the purpose of showing the construction the federal courts have placed upon a question similar to that before us, and was not with the idea of suggesting that these control our state procedure.

The State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.