FRED ERWIN v. STATE.

No. 24055. June 2, 1948.
Rehearing Denied June 25, 1948.

246

Hon. Otis T. Dunagan, Judge Presiding.

*John Nisbet* and *D. E. Killam,* both of Tyler, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of theft by bailee of an automobile, and given a term of two years in the state penitentiary.

The facts show that Louis T. Moore was the owner of an automobile in Tyler, Texas; that on the occasion in question, he became drunk in a public place and was taken into custody by peace officers, who instructed appellant to drive Moore's car to the police station, where Moore was incarcerated and there spent the night. Moore then told appellant to take his (Moore's) car and go get some money and be back at eight o'clock the next morning to pay his (Moore's) fine.

The facts proven herein show that appellant possessed himself of the automobile under the above circumstances with the consent of Moore and eventually found himself upon a street in Dallas, Texas, where he had taken two passengers, receiving pay therefor in the sum of $25.00. On his intended return to Smith County, he had a collision in Dallas and Moore's car was damaged therein and temporarily put out of commission. About a month later appellant was found in possession of such car in Tyler, Texas, and when accosted, he gave his name as Louis T. Moore, the real owner of the car. He attempted to flee but was eventually apprehended by Smith County officers. Appellant testified to these trips and the wreck and claimed that he did

not have enough money with which to pay the $40.00 repair bill; that Moore 'phoned him about two weeks after he had received the car and told him to have same repaired and bring it back to him at Tyler; that he was going to do so when apprehended by the officers.

Appellant claims that this offense, if anything, is governed by the doctrine of principal and agent; that the contract shown in the proof is such and not one of bailment. In 8 Corpus Juris Secundum, Bailments, Sec. 1, p. 225, it is said:

"While bailment has been distinguished from agency, a bailee has been said to be a species of agent."

Again, in Bertrand v. Mutual Motor Co., 38 S. W. (2d) 417, it is said:

"A bailee may act for the benefit of the bailor, but that fact does not make him an agent." See 2 Corpus Jur. Secundum AGENCY, p. 1027, sec. 2 (b).

Bailments are of many and different kinds as is shown in the case of Blake v. State, 180 S. W. (2d) 351.

5 Tex. Jur., p. 1014, sec. 4, adopts three classifications of bailments, among them being: "(1) those for the benefit of the bailor, or a third person." The text continues:

"Under the first division has been placed that class of bailments in which the person to whom the property is delivered undertakes to do some act with respect to the property without recompense; this was called *mandatum* in the civil law, and a mandate at the common law."

Again, on page 1017 of the same text, it is said:

"An essential feature of the contract of bailment is delivery of property for the bailor to the bailee for a particular purpose."

A contract for the benefit of the bailor is called a deposit. 8 Corpus Juris Secundum Bailments, Sec. 9, p. 245.

Under the facts here present, we are constrained to the belief that appellant was a bailee under the classification of a deposit, and as such he was properly charged in the indictment with theft by bailee, by deposit.

The bills of exception herein relate to the matters above discussed, and are overruled.

The judgment will therefore be affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing it is appellant's contention that the indictment does not conform to the requirements set out in Blake v. State, 147 Tex. Cr. R. 333, 180 S. W. (2d) 351.

The indictment alleges that Moore, the owner of the automobile, had deposited the same with appellant for the benefit of said Moore. The text writers very clearly state that a bailment by "deposit" is one for the benefit of the bailor. In our opinion the indictment complies with the suggestions in the Blake case, and sufficiently advised appellant of the character of bailment by which he came into possession of the automobile.

The motion for rehearing is overruled.