Robert Allen HUGHES, Appellant,

v.

The STATE of Texas, Appellee.

No. 42692.

Court of Criminal Appeals of Texas.

May 20, 1970.

Turman & Mitchell, by Joel B. Mitchell, Austin, for appellant.

Robert O. Smith, Dist. Atty., Robert A. Huttash and Herman C. Gotcher, Jr., Asst. Dist. Attys., Austin, and Jim D. Vollers, Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for murder; the punishment, life.

■ George Tarver, the deceased, was shot and killed with a .38 caliber pistol at Maggie's Door, a bar on South Congress Avenue in Austin. The record reflects that some five construction workers, including the appellant and the deceased, had been drinking before they went to the bar and there they continued to drink. Charles Thomas Berry who was seated at a booth heard the shot, looked up, saw Tarver fall to the floor and appellant with a pistol in his hand. He then saw appellant and another leave through the back door. Other witnesses corroborated Berry's testimony. The evidence is sufficient to support the conviction.

Complaint is made that the court erred in refusing to quash the indictment, because it contained allegations of two separate and distinct offenses. He further contends that the State was not required to elect upon which count it would proceed.

In the first count, it was alleged that appellant, with malice aforethought, killed George Tarver by shooting him with a pistol. In the second count, it was alleged that appellant, while in premises covered by a permit and license issued under the provisions of the Texas Liquor Control Act, did then and there unlawfully carry

on and about his person a pistol. It was also alleged in the second count that appellant had been convicted of two felonies less than capital prior to the commission of the offense under Article 63, Vernon's Ann.P.C., our habitual offender statute.

The court overruled the motion to quash the indictment. The State elected at the time it rested at the guilt stage of the trial to proceed under the first or murder count of the indictment.

Appellant relies upon Brown v. State, 74 Tex.Cr.R. 234, 167 S.W. 1107 (1914), and quotes the following language:

" * * * no one would contend that under an indictment for murder a person could be tried for unlawfully carrying a pistol or that they were the same offense. * * *"

The Court held:

" * * * That he unlawfully carried the pistol at the time and with which he killed a person, was tried, and acquitted therefor, could not and would not be former jeopardy for unlawfully carrying a pistol. * * *"

The case dealt with former acquittal and is not in point.[1]

■ In the present case the question presented is: Can the offense of murder be charged in one count and the felony offense of unlawfully carrying a pistol in the premises covered by a permit under the Liquor Control Act in another count of the same indictment?

Article 21.24, V.A.C.C.P., provides that an indictment may contain as many counts charging the same offense as the attorney

1. Without deciding if the holding in the Brown case is the law today, it should be noted that the Supreme Court of the United States has apparently adopted the view that all cases arising out of the same or closely related transactions should be prosecuted at one time in Waller v. Florida, Crim.L.Rev., Vol. 7, No. 2, p. 3017, and Ashe v. Swenson, Crim.L.Rev., Vol. 7, No. 2, p. 3020.

who prepares it, acting in good faith, may think necessary to insert, but may not charge more than one offense.

In Breeden v. State, Tex.Cr.App., 438 S.W.2d 105, one count of the indictment alleged murder with malice; a second count alleged robbery with firearms. There it was contended that the allegation of two distinct offenses violated Article 21.24, supra. The Court quoted from Vannerson v. State, Tex.Cr.App., 408 S.W.2d 228, as follows:

"We do not construe this statute as a prohibition against charging several ways in which one offense was committed, or charging more than one offense based upon the same incident, act or transaction."

and held that the alleging of the two counts did not invalidate the indictment.

The court did not err in refusing to quash the indictment.

Next we will consider the complaint that error was committed in refusing to require the State to elect under which count it would proceed before appellant introduced his evidence. The court required an election after both sides closed their evidence at the guilt stage of the trial. The State selected the first count of the indictment.

The court did not err in refusing to require an election at an earlier time.

Where an indictment charges several counts arising out of the same transaction, an election is not required. Collins v. State, 77 Tex.Cr.R. 156, 178 S.W. 345; Smith v. State, 141 Tex.Cr.R. 387, 148 S.W.2d 844; Blum v. State, 165 Tex.Cr.R. 413, 308 S.W.2d 23; Manning v. State, Tex.Cr.App., 393 S.W.2d 910. See 1 Branch's Ann.P.C.2d, Secs. 463–464, pp. 458–461.

No prejudice or error has been shown. The judgment is affirmed.