

# The Attorney General of Texas

August 30, 1979

IARK WHITE
.ttorney General

uprreme Court Building
O Box 12548
..stin TX 78711
12 475-2501

01 Commerce, Suite 200
)alas TX 75202
14 742-8944

1824 Alberta Ave. Suite 160
:I Paso TX 79905
115 533 3464

.n Suite 610
.irn TX 77002
28-0701

406 Broadway, Suite 312
.ubbock TX 79401
 .sh 74: 4238

4 1'; N Tenth Suite F
M. Allen TX 78501
512 682-4547

.': Main Plaza Suite 400
.e i Antonio. TX 78205
- 2 225-4191

.-- Equal Opportunity.
..mative Action Employer

Honorable Bill Clayton
Speaker of the House
House of Representatives
Austin, Texas

Opinion No. MW-50

Re: Obligation of a feedlot owner
to list for taxation purposes cattle
owned by another.

Dear Speaker Clayton:

You have requested our opinion regarding the obligation of a commercial feedlot owner to list for taxation cattle owned by another. In Attorney General Opinion M-469 (1969), Attorney General Crawford Martin construed article 7152(2), V.T.C.S., to require a feedlot owner to furnish to the tax assessor-collector a list of all cattle not owned by him but in his custody on January 1 of each year. You suggest that the opinion should be clarified so as to limit the application of article 7152(2) to those cattle which the feedlot owner controls as "agent, attorney or fiduciary."

Article 7152 provides, in pertinent part:

All property shall be listed or rendered in the manner following:

(1) By the owner. Every person of full age and sound mind, being a resident of this State, shall list all of his real estate, moneys, credits, bonds or stock of joint stock or other companies (when the property of such company is not assessed in this State), moneys loaned or invested, annuities, franchises, royalties, and all other property.

(2) As agent. He shall also list all lands or other real estate, moneys and other personal property invested, loaned or otherwise controlled by him as agent or attorney, or on account of any other person, company, or corporation, whatsoever, and all moneys deposited subject to his order, check, or drafts and credits due from or owing by any person, body corporate or politic.

The relationship between a commercial feedlot, such as that under consideration here and in Opinion M-469, and those cattle owners whose stock is "finished out" for market at the feedlot, involves a particular kind of bailment known as an "agistment." Barclay v. Burge, 245 S.W.2d 1021 (Tex. Civ. App. — Beaumont 1952, no writ). Although a bailee does not act as his bailor's agent, and title to bailed property remains in the bailor, Forson v. State, 282 S.W.2d 385, 387 (Tex. Crim. App. 1955); Erwin v. State, 212 S.W.2d 183, 184 (Tex. Crim. App. 1948), the relationship between the two parties arises by contract, McAshan v. Cavitt, 227 S.W.2d 340 (Tex. Civ. App. — El Paso 1949), aff'd, 229 S.W.2d 1016 (Tex. 1950), and the bailee may be said to act for the benefit of his bailor, Erwin v. State, supra, at 184.

Article 7152(2) requires a feedlot owner to list two distinct kinds of property not his own: (1) that which is "controlled by him as agent or attorney"; and (2) that which is "controlled by him ... on account of any other person, company, or corporation, whatsoever...." (emphasis added). Relying on a Supreme Court decision, Attorney General Martin construed "on account of" to mean "on behalf of." Thus, a bailment, in which the bailee acts for the benefit of the bailor, is clearly embraced within the ambit of article 7152(2).

We believe that Opinion M-469 correctly construes article 7152(2). In the ten years since the issuance of the opinion, the legislature has not amended any portion of the statute. See Tax Code, § 22.04 to be effective January 1, 1982. In view, therefore, of the long continued acquiescence of the legislature in the conclusion of M-469, we cannot say that the application of article 7152(2) should be limited to those cattle which a feedlot owner controls as agent, attorney or fiduciary. Rather, a commercial feedlot owner should also list for taxation purposes all cattle in his custody under a contract of bailment. Of course we do not suggest that a listing of personal property by a bailee would have the same binding effect as a rendition of the property by the owner. See Pfeiffer v. City of San Antonio, 195 S.W. 932, 933 (Tex. Civ. App. — San Antonio 1917, writ ref'd).

### S U M M A R Y

Pursuant to article 7152, V.T.C.S., a commercial feedlot owner should list for taxation all cattle in his possession on January 1 of each year, whether the custody is pursuant to a contract of agency or one of bailment. Such a listing by a bailee would not have the same effect as a rendition by the owner.

Very truly yours,

**M A R K   W H I T E**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood