## CLIFFORD FEARS v. THE STATE.

No. 22651. Delivered·February 16, 1944.
Appellant's Motion for Rehearing
Denied (Without Written Opinion)
March 22, 1944.

The opinion states the case.

*W. S. Moore,* of Gainesville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's first complaint relates to the court's action in declining to require the State, after it had rested its case, to elect upon which of the three counts in the indictment it would

seek a conviction. It was charged in the first count of the indictment that on or about the 28th day of July, A. D., 1942, and anterior to the presentment of the indictment, Clifford Fears, in the county and state aforesaid, did then and there unlawfully and fraudulently take personal property of the aggregate value of more than fifty dollars, the same being the corporeal personal property of J. A. Teague, from the possession of the said J. A. Teague, without the consent of the said J. A. Teague, with the intent to deprive the said J. A. Teague of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Clifford Fears.

The second count is identical with the first count except that it is charged therein that appellant unlawfully and fraudulently took said property from Will McKemie; and the third count charged that he unlawfully and fraudulently took said property from the possession of Philip Teague, etc.

The record shows that J. A. Teague was the Manager of the Men's Department of the Teague Company, a mercantile establishment, located in the town of Gainesville, Texas; that Philip Teague was the President of said company at the time in question; and that Will McKemie was employed by the stockholders of the company to liquidate the same; that neither of them gave appellant permission to take the merchandise in question.

It seems to be an established rule in this state that where but a single transaction is charged, the State may present as many counts in the indictment as it sees fit and no election will be required. Where there is but one transaction involved, only one conviction can legally result. The doctrine of *autrefois convict* or *autrefois acquit* would apply to any future effort on the part of the State to prosecute the accused for the same transaction. This rule seems to have been followed by this court in the case of Byrd v. State, 90 Tex. Cr. R. 418. Under the authority of that case, there was no error committed by the trial court in declining to require the State to elect upon which of the three counts it would seek a conviction. See also Wadkins v. State, 58 Tex. Cr. R. 110; Hawthorn v. State, 62 Tex. Cr. R. 114; Smith v. State, 141 Tex. Cr. R. 387, and authorities there cited.

Appellant challenges the sufficiency of the evidence to sustain his conviction. The State's evidence shows that appellant was employed by the company as porter; that late in the after-

noon of the 27th day of July, 1942, J. A. Teague sold some leather jackets and stacked them on the counter; that they were still there at 6:15 P. M., when the store was closed for the day. The first person to arrive at the store the next morning was McKemie, and while he was standing in front of the building talking to a friend the appellant came and asked Mr. McKemie to open the door and let him into the building so that he could clean up; that about thirty minutes later J. A. Teague came to the store and discovered that the jackets were missing and that appellant was gone. No one seems to have been in the store up to this time except the appellant. Teague and McKemie made a search for the goods but could not locate them. They then summoned the officers who located the missing articles before noon on said day at the place of business of Albert Wallace, a dealer in second-hand merchandise located in the city of Gainesville. Wallace testified that he purchased the goods from appellant on the morning of said day. J. A. Teague, who was in charge of the Men's Department of the store, testified that he did not give his consent to the taking of the merchandise by appellant and so did Philip Teague and McKemie. Each of them testified that the merchandise was taken without his knowledge and consent. Of course, there is evidence to the effect that while the business was in the course of liquidation some thirty-five or forty clerks were employed by the company. Nevertheless, the evidence is sufficient to exclude the idea that any other person may have taken the goods and sold them to Wallace because when the building was closed on the evening of July 27th, the goods in question were in the store and the next morning before any of the clerks entered the same, the goods were gone.

The court instructed the jury, among other things, that if they believed from the evidence that Albert Wallace purchased the property described in the indictment, knowing the same had been stolen, he would be an accomplice witness and that they could not convict the defendant on the testimony of Wallace unless there was other testimony aside from and independent of the testimony of Wallace corroborating his testimony and tending to connect appellant with the commission of the offense charged. The opinion is here expressed that the circumstances proven, as above stated, are deemed sufficient to corroborate the testimony of Wallace connecting appellant with the commission of the offense charged, even though the jury may have believed Wallace was an accomplice witness. Hence we overrule appellant's contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.