Jesus Perez MARIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 36280.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Jan. 29, 1964.

Harry A. Nass, Jr., San Antonio (on appeal only), for appellant.

James E. Barlow, Dist. Atty., M. C. Gonzales, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the felony theft of an automobile; the punishment, ten years.

Paul Mauricio, the owner and operator of a dry cleaning business, testified that about December 15, 1962, he employed the appellant, gave him a key to the rear door of his business building and allowed him to sleep in the building; that he closed his business about 9 p. m., January 14, left appellant inside the building, and went to his home. At 6 a. m., January 15, Mauricio was notified to come to his business. When he arrived the appellant was gone, and clothing of the value of $1,700 and his automobile of the value of $1,800, which was parked in front of his business, and also the keys to his automobile were missing, and all the property was taken without his consent.

Officer Maynard while testifying identified the appellant as the same person he observed about 12:15 a. m., January 17, with a man among some cars on a dimly lighted street behind some business houses in Corpus Christi; that on approaching the cars the appellant told Maynard his name was Jesus Marin Torres. When asked if he was in a car, the appellant replied that "he was in that Oldsmobile" which he said belonged to him. An investigation revealed that the Oldsmobile had one license plate bearing the number of an Oldsmobile stolen in San Antonio. The Oldsmobile bore another license plate which belonged to a Plymouth parked nearby which had no license plates on it. On the way to the police station, the appellant removed a screwdriver, pair of pliers and car keys from his pockets and stuffed them behind the seat of the patrol car.

Officer Tackett, of the Corpus Christi Police Department, testified that the appellant made to him a written statement pertaining to the Oldsmobile which appellant

signed, and it was introduced in evidence by the state without objection. Omitting the formal parts, the statement reads as follows:

"I am 28 years old. On January 16, 1963 I left San Antonio, Texas in a 1960 Olds. Sedan that belongs to Paul Mauricio for whom I worked. Paul Mauricio did not let me have the car nor did I ask*ed* him. I left San Antonio about 3:00 A.M. in the morning and came to Corpus Christi in Paul Mauricio's 1960 Olds. with another man whom I know only as Tony. Tony had gotten me a black suit from Paul Mauricio's plant in San Antonio he also gave me a Bulova watch, which came from the plant. We got to Corpus Christi in the morning and we drove around and drank after awhile Tony left me and I kept drinking. Sometime after the beer joint closed I started to the car and another man asked me what I was doing and he said something about calling the police and we started to fight and the police came up at that time and arrested us. I have been shown the watch that I had at the time I was arrested and it is the watch that was taken from Paul Mauricio's plant. I have been shown the keys to the 1960 Olds of Paul Mauricio's and they were in my pocket at the time I was arrested."

While testifying in his own behalf, the appellant stated that after business hours he began drinking intoxicants with a man he met in a tavern, then they went to Mauricio's place where they continued drinking; that he had not done any drinking for two years because he had "just come out of a federal correction house," and in a short time after they reached Mauricio's place he knew nothing until he was in Mauricio's car in Corpus Christi with the other man; that the other man drove away in the car, and when he returned he told appellant he had left the car on a street after changing license numbers from another car nearby, gave him some keys and told him to wait

but he never returned, and in a short time the police arrived. He further testified that if he told the officer he owned the Oldsmobile it was a mistake due to his faulty understanding of English; that he made other statements including the written statement because of abuse and coercion by the officers; and that he never intended to steal the car.

The issue of the voluntary character of the written statement of the appellant was submitted to the jury.

Appellant insists that the evidence is insufficient to support the conviction on the ground that he was not present when the Oldsmobile was taken as required by the law of principals.

The Oldsmobile was stolen between 9 p. m. and 6 a. m. the next day, and the evidence places the appellant at the scene at 9 p. m. and also again later in the night in question. In his written statement appellant admitted leaving San Antonio about 3 a. m. in Mauricio's Oldsmobile going to Corpus Christi where, at the time of his arrest, he had the keys to the Oldsmobile in his pocket. Less than 28 hours after Mauricio left appellant in his place of business Officer Maynard approached appellant on a dimly lighted street in Corpus Christi where the Oldsmobile was parked and appellant told him that the Oldsmobile belonged to him. At this time the Oldsmobile had one license plate on it that belonged to a Plymouth parked nearby that had no license plates on it.

The possession and claim of ownership of the recently stolen automobile under the facts and circumstances of this case are sufficient to sustain the conviction. 41–A Tex.Jur., 227, Sec. 233; 5 Branch's 2d 96, Sec. 2650.

■ Complaint is made of the failure of the court to instruct the jury on the law of circumstantial evidence. No objections were made to the failure to so charge and no such charge was requested according to the record. Therefore no error is present-

ed. Milligan v. State, 165 Tex.Cr.R. 448, 307 S.W.2d 98.

It is contended that the trial court erred in commenting on the weight of the evidence by informing the jury in the charge that suitable forms for their verdict were attached.

There is no showing of whether one or more forms were made available to the jury. In the absence of such proof, the contention cannot be appraised.

The evidence is sufficient to support the conviction, and no error appearing the judgment is affirmed.

Opinion approved by the Court.