Scott William RESEBURG, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0089–CR.

Court of Appeals of Texas,
Tyler.

March 31, 1983.

Rehearing Denied April 27, 1983.

Discretionary Review Refused
July 20, 1983.

Dick DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Joan Fisher, Bill Taylor, Asst. Dist. Attys., Houston, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction of aggravated sexual abuse. Trial was to a jury and punishment was assessed at 30 years in the Texas Department of Corrections.

We affirm.

The record reflects that on the evening of July 2, 1978, appellant and a male companion entered a car occupied by Denise Richard and Kimberly Kay and compelled Denise Richard, the driver, by threats and display of a gun, to drive to a remote area in Harris County, where according to Richard, appellant left Kimberly Kay in the car and took Richard to a nearby bushy area away from the car and subjected her, without her consent, to two acts of sexual abuse and one act of rape. Appellant was charged by indictment with aggravated rape, two counts of aggravated sexual abuse and aggravated kidnapping.

Appellant plead not guilty to each of the four counts of the indictment. The record reflects that after the State had rested its case in chief at the guilt-innocence stage of trial, defense counsel, in the presence of the jury, announced appellant's desire to change his plea as to count 4 (aggravated kidnapping) from not guilty to guilty reserving the issue of punishment thereon for submission to the jury. Upon this announcement the trial court retired the jury and admonished appellant concerning his guilty plea. After the admonishment the trial court announced to the jury that appellant had changed his plea to count 4 from not guilty to guilty. Thereupon, the State's attorney in open court announced the State's election to proceed on count 3 (aggravated sexual abuse), waiving counts 1, 2 and 4 of the indictment.

Appellant brings one ground of error in his original brief and a second ground in a supplemental brief. In his first ground, appellant contends "that the trial court erred in entering a judgment of conviction under count 3 of the indictment after appellant had been acquitted of that count and in so erring violated appellant's right not to be twice placed in jeopardy of his liberty as guaranteed by Article 1, Section 14, of the Texas Constitution, the fifth and fourteenth amendments of the United States Constitution and Article 1.10 of the Texas Code of Criminal Procedure."

Appellant's argument is that because he pleaded guilty to count 4 (aggravated kidnapping), such operated as an acquittal to, and precluded the State from proceeding on, any of the other three counts. He also contends that the conviction of aggravated sexual abuse was in violation of the double jeopardy provisions of the Texas and Federal Constitutions and the Code of Criminal Procedure.

■ It is well settled that the State may in a single indictment allege two or more separate offenses arising out of the same incident or transaction, *Stephens v. State,* 522 S.W.2d 924, 928 (Tex.Cr.App.1975); *Vannerson v. State,* 408 S.W.2d 228, 229 (Tex.Cr.App.1966); *Fears v. State,* 147 Tex.Cr. 100, 178 S.W.2d 530, 531 (1944); and it is further established that the State is *not required* to elect between the counts for jury submission. *Hughes v. State,* 455 S.W.2d 303, 304–305 (Tex.Cr.App.1970).

■ The State may elect during the trial at any time before submission to the jury or it may refuse to elect and the court, instead of compelling election, may submit each of the counts and instruct the jury that it may return a verdict of guilty on one count only. No double jeopardy problems exist with this type of submission because the jury returns either an acquittal on all counts or a verdict of guilty on only one count. See *Crocker v. State,* 573 S.W.2d

190, 197 (Tex.Cr.App.1978). Moreover, where more than one count exists in an indictment the right of election belongs to the State and *not* the defendant. The fact that the State elected during trial to proceed on only count 3 "without the agreement of the defendant" is of no consequence, since the State, and not the defendant has the right of election. *Zachary v. State,* 505 S.W.2d 875, 877 (Tex.Cr.App. 1974). The trial court did not err in submitting to the jury only the count of the indictment charging aggravated sexual abuse.

 There was no error in allowing the State to elect upon which count it would rely prior to submission to the jury. Appellant asserts that, by changing his plea of not guilty to guilty on the aggravated kidnapping count, he effectively caused an election. It is well settled that the right of election belongs to the State and not the defendant, and the State is entitled to submit the more serious offense to the jury. See *Stephens v. State, supra* at 928; *Zachary v. State, supra* at 877. Appellant contends that the court, by allowing him to change his plea, effectively caused an election and this precluded the jury from considering the count of aggravated sexual abuse. This contention is without merit.

Appellant relies on *Brinson v. State,* 570 S.W.2d 937, 938 (Tex.Cr.App.1978) for the position that once a plea of guilty has been entered before the jury a conviction results as such plea is conclusive to the defendant's guilt. In that case the offense with which defendant had plead guilty *was submitted* to the jury. In the instant case a submission was *not* made on the count that appellant changed his plea on, thus rendering the cases clearly distinguishable on the relevant facts. The mere announcement to the jury in the instant case that appellant had changed his plea did not result in a conviction causing abandonment of the three other counts. It is apparent that appellant's conviction on count 3 (aggravated sexual abuse) in no way violated appellant's double jeopardy protection. Tex. Const. Art. 1 § 14; Tex.Code Crim.Proc.Ann. Art. 1.10 (1965). The jeopardy provisions protect an accused from twice being put to trial for the same offense. In this case appellant had but one trial and a conviction for only one offense. See *Crocker v. State, supra* at 197. Moreover, appellant's position is not persuasive because even though appellant changed his plea, that count was not submitted to the jury and the jury was properly instructed on count 3 (aggravated sexual abuse), submitted by the court pursuant to the State's election. See *Paige v. State,* 573 S.W.2d 16 (Tex.Cr.App.1978); and *Chappell v. State,* 519 S.W.2d 453, 462 (Tex.Cr.App. 1975).

It is apparent from a review of the record that appellant's change of plea on count 4 (aggravated kidnapping) was a calculated trial technique in an attempt to obtain a conviction on a less serious offense. It was ineffective and the State's election and the subsequent verdict and conviction on count 3 were proper. Ground of error No. 1 is overruled.

Appellant in his supplemental brief advances his second ground of error that he "was denied reasonably effective assistance of counsel at his trial in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 10 of the Texas Constitution."

 In reviewing the record we are mindful that the standard for judging the effectiveness for retained and appointed counsel is now the same and no distinction will be made between the two. Each should be reasonably competent and neither should render inadequate representation. *See, Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) and followed by the Texas Court of Criminal Appeals in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980).

 The State asserts that this ground of error was not raised in appellant's original brief and thus is not properly before the reviewing court. Our review of the record shows that after appellant fired his retained trial counsel, this ground of error was raised in the trial court by a Motion for New Trial. Accordingly, we reject the

State's contention that the issue is not before us and turn next to consider if appellant's claim is well taken in light of *Cuyler v. Sullivan, supra; Ex parte Duffy, supra,* and other germane Texas authority.

Since the distinction between appointed and retained counsel exists no longer we will apply the standard of "reasonably effective assistance of counsel" to test the adequacy of representation afforded an accused by retained as well as appointed counsel where the performance is to be judged by the Sixth Amendment right to assistance of counsel made applicable by the Fourteenth Amendment. Moreover, we are mindful that counsel is not to be held to an errorless standard, and is not to be adjudged ineffective by hindsight. In *Witt v. State,* 475 S.W.2d 259 (Tex.Cr.App.1971), the Court of Criminal Appeals quoted from *Williams v. Beto,* 354 F.2d 698 (5th Cir. 1965): "as no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight." See, *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Cr.App.1981). An attorney must appraise a case and do the best he can with the facts and the fact that other counsel might have tried the case differently does not show inadequacy of representation. See, *Mercado, supra* at 228; *Rockwood v. State,* 524 S.W.2d 292 (Tex.Cr. App.1975). The right to reasonably effective counsel means the right to counsel who is reasonably likely to render, and does render, reasonably effective assistance. *Ex parte Duffy, supra* at 507. The test consists of two facets: (a) counsel *likely to render* reasonably effective assistance, and (b) counsel ... *rendering* reasonably effective assistance. See, generally *Ex parte Duffy, supra* at 507, 516. Moreover, the test is not to be determined by whether defendant won or lost the case. *Curtis v. State,* 500 S.W.2d 478 (Tex.Cr.App.1973).

A review of the record shows that before trial, appellant's retained counsel filed a written motion requesting that the State be required to elect before trial on which count it would seek conviction. The court properly ruled that the State did not have to elect at that time. After the State rested its case in chief at the guilt-innocence stage, defense counsel, without notice to the court, in the presence of the jury, announced that the appellant desired to change his plea to count 4 of the indictment from not guilty to guilty. Appellant's attorney had made no request for a hearing outside the presence of the jury to allow the trial court to admonish the appellant and to determine if his plea was being made knowingly and voluntarily. Upon hearing this announcement, the judge immediately excused the jury and properly admonished appellant concerning the consequences of his plea. When the jury returned, the trial court announced that appellant had changed his plea to count 4 from not guilty to guilty. Both sides then closed the evidence at the guilt-innocence stage of the trial. The State waived counts 1, 2 and 4 and elected to proceed on count 3. The charge was submitted on count 3 only and the jury found appellant guilty in count 3 of aggravated sexual abuse. Thereafter, at the punishment stage the jury assessed appellant's punishment for said offense at confinement for 30 years.

It is appellant's contention that such action on the part of appellant's trial counsel constituted a denial of reasonably effective assistance of counsel and that the effect of such action was prejudicial to appellant. Moreover, appellant contends that his trial attorney, over the objection of appellant and his family, prevailed upon appellant not to testify and to plead guilty to the count on aggravated kidnapping. Appellant further contends that his trial counsel failed to adequately investigate the facts and interview the witnesses who may have been favorable to appellant.

In considering the merits of appellant's contention we must carefully examine the total record rather than a dissection of alleged isolated failures to determine whether appellant was provided reasonably effective assistance by his retained trial counsel. Allegations by appellant of

ineffective assistance of counsel will be sustained only if firmly founded in the record. *Faz v. State,* 510 S.W.2d 922 (Tex.Cr.App. 1974). Moreover, the reviewing court will not attempt to ascertain the specific reason why counsel conducted the defense in a chosen manner. *Simmons v. State,* 594 S.W.2d 760 (Tex.Cr.App.1980).

 The record shows that appellant's trial counsel had been licensed to practice law since 1973 and had a large criminal trial practice. His trial counsel, in voir dire examination of the jury panel, adequately explained the burden of proof; elicited responses from potential jurors who might be offended or prejudiced by the offense involved; and sought to determine by his questions if some experiences or associations of the prospective jurors would cause them to have preconceived prejudices about appellant's guilt. At appellant's motion for new trial it was trial counsel's opinion that the State's evidence was "devastating" and the State had proven their case on aggravated rape and aggravated sexual abuse. It appeared to be a tactical move by counsel to suggest to appellant to plead guilty to the offense of aggravated kidnapping. Further, appellant's trial counsel testified that he did not force the appellant to plead guilty, nor did he forbid the appellant to testify on his own behalf.

A further review of the record shows that appellant's trial counsel made numerous objections throughout the course of the trial to opposing counsel's questions and to the admissibility of exhibits offered by the State, engaged in vigorous cross-examinations of the State's witnesses, and made an able argument to the jury. At the punishment stage appellant's counsel adduced testimony from the appellant and five character witnesses. Furthermore, appellant's counsel was assisted in the trial by an associate counsel who participated in the argument to the jury at the punishment stage.

We find from the record that appellant's counsel provided reasonably effective assistance to appellant in the trial court based upon the totality of his representation. *See, Passmore v. State,* 617 S.W.2d 682

(Tex.Cr.App.1981). We hold that appellant's constitutional rights were not violated because of ineffective assistance of counsel.

Appellant's ground of error No. 2 is overruled.

The judgment of conviction is affirmed.