**Lin Nhun Char KHAM, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–84–116–CR, 2–84–117–CR.**

Court of Appeals of Texas,
Fort Worth.

May 8, 1985.

Lollar & Phillips and Abe Factor, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Mary Thornton Taylor, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

The appellant, Lin Nhun Char Kham, was charged by two separate indictments. In each indictment, count one charged the offense of attempted capital murder and count two charged the offense of aggravated assault with a deadly weapon. Appellant entered his pleas to the jury of not guilty to both counts of attempted capital murder and guilty to both counts of aggravated assault with a deadly weapon. The jury found appellant guilty of attempted capital murder under each indictment and punishment was assessed at 65 years in the

Texas Department of Corrections in each case, the sentences to run concurrently.

We affirm.

█ In ground of error one, appellant contends the court committed reversible error in not including a "not guilty" verdict form as to the offense of attempted capital murder with the court's charge. No objection to the omission was made at the time of trial, therefore determination must be made whether such omission constituted fundamental error.

The jury was charged as follows:

Now, bearing in mind the foregoing instructions, if you believe beyond a reasonable doubt ... then you will find the defendant guilty of the offense of attempted capital murder as charged in Count One of the indictment; but if you do not so believe or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of attempted capital murder as charged in Count One of the indictment, and you are then directed to find the defendant guilty of the offense of aggravated assault with a deadly weapon as charged in Count Two of the indictment, the defendant having pleaded guilty to such Count ...

Appellant complains that in order for the jury to have found him not guilty of the offense of attempted capital murder it would have had to create its own verdict form. We disagree.

█ We hold the trial court's instruction in this case was sufficient to advise the jury that if they determined the appellant was not guilty of the offense of attempted capital murder, or if they had a reasonable doubt thereof, they were to sign the second form finding him guilty of aggravated assault with a deadly weapon.

However, if there was error in omitting a "not guilty" verdict form, we do not believe that it was fundamental error. In *Berghahn v. State*, 683 S.W.2d 697 (Tex.Crim. App.1984), the Court held that omission of a "not guilty" verdict form was not fundamental error, even where the defendant had not pled guilty to the lesser included

offenses. If that was not fundamental error, then it certainly was not fundamental error to omit a "not guilty" verdict form where the appellant pled guilty to the lesser offenses. In essence, the directed verdict of guilty form on the lesser included offenses constituted a "not guilty" form for the greater offense. We hold that any error which may have existed was not so egregious as to deny appellant a fair and impartial trial and did not constitute fundamental error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (opinion on rehearing).

Appellant's second ground of error alleges that the trial court erred in refusing to proceed directly to sentencing under TEX. CODE CRIM.PROC.ANN. art. 26.14 (Vernon 1966) after appellant pled guilty to the charges of aggravated assault with a deadly weapon, which were lesser included offenses of attempted capital murder. Appellant argues that the State, by accepting the guilty pleas on the lesser included offenses, elected to forego prosecution on the greater offenses. Appellant reasons that the acceptance of guilty pleas constituted convictions which caused the double jeopardy provisions of the U.S. and Texas constitutions to attach and, therefore, bar subsequent prosecution for the greater offense. We disagree.

█ A recent Supreme Court interpretation of the double jeopardy clause established that the trial court's acceptance of a guilty plea to a lesser included offense does not bar prosecution for the greater offense. *Ohio v. Johnson*, — U.S. —, —, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425, 435 (1984). In that case, the State objected to the trial court's acceptance of the guilty plea, but was overruled. The Supreme Court, Justice Rehnquist, wrote:

No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent without a

trial. Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an 'implied acquittal' which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses....

*Id.*

The case at bar presents a slightly different problem in that the State did not object to the acceptance of the guilty pleas to the lesser included offenses. This raises the question of whether the State elected to forego prosecution of the greater offenses.

Essentially, appellant tried to impose a plea bargain on the State by pleading guilty to the lesser included offenses and then requesting immediate sentencing which he apparently hoped would bar subsequent prosecution for the greater offense.[1] The trial court, however, refused immediate sentencing and proceeded to trial on the greater offense. Appellant now claims that the double jeopardy clause barred subsequent prosecution of the greater offense, even without sentencing on the lesser, and that he was deprived of the benefit of his guilty plea.

■ Since a plea bargain was never reached between the State and appellant, we believe that the State was not obligated to make an election and the appellant's plea of guilty was made at his own expense.

"It is well settled that the right of election belongs to the State and not the defendant, and the State is entitled to submit the more serious offense to the jury." *Reseburg v. State*, 656 S.W.2d 84, 87 (Tex.App.—Tyler 1983, no pet.), *cert. denied,* —— U.S. ——, 104 S.Ct. 431, 78 L.Ed.2d 364 (1983). Of course, appellant could have withdrawn his guilty plea any time prior to adjudication of the offense, long after the State made it known that it intended to pursue the greater offense. Therefore, there could have been no implied election by way of fraud or deception.

■ We hold that the State did not elect to forego prosecution of the charges of attempted capital murder by acquiescing in appellant's guilty plea to the lesser included offenses of aggravated assault with a deadly weapon since there was no proof that a plea bargain had been reached. Appellant's second ground of error is overruled.

■ In appellant's ground of error three, the contention is made that the court's instruction for the jury to find appellant guilty of the lesser included offense constituted an impermissible comment on the weight of the evidence. This objection was not made at the time of trial; the objection having been, "there is no provision in the Code of Criminal Procedure for any sort of directed verdict in this fashion in a criminal case." A specific objection raised on appeal will not be considered if it varies from the objection made at trial. *Euziere v. State*, 648 S.W.2d 700 (Tex.Crim.App.1983) (en banc); *Hodge v. State*, 631 S.W.2d 754 (Tex.Crim.App.1982).

---

1. It is not clear whether immediate sentencing would have in fact barred subsequent prosecution for the greater offense. In dicta, Justice Rehnquist implied that the double jeopardy clause of the U.S. Constitution would not bar conviction of both a primary and lesser included offense with separate punishments for each. He stated that the double jeopardy protection against multiple punishments for the same offense merely requires that one who is convicted, sentenced, retried, and reconvicted must be given credit for time served. He declined to make this the basis of his decision, however, because the Ohio Supreme Court had already ruled that multiple sentences for primary and lesser included offenses would be a violation of Ohio state law. *Ohio v. Johnson,* —— U.S. —— at ——
——, 104 S.Ct. at 2540–41, 81 L.Ed.2d at 432–33. We find no comparable decision under Texas law. However, any such decision would not be determinative of this case because the appellant was never sentenced for the lesser included offenses.

■ Even had appellant preserved error, where an accused pleads guilty to a jury, an instruction to find the accused guilty is not an impermissible comment on the weight of the evidence. *Fairfield v. State,* 610 S.W.2d 771 (Tex.Crim.App.1981). We hold that the trial court did not err in directing the jury to convict the appellant of the lesser included offense to which he had pled guilty in the event that they found him not guilty of the greater offense. Appellant's third ground of error is overruled.

Affirmed.