**Larry Allen BRADFORD, Appellant,**

v.

**The STATE of Texas, State.**

Nos. 2–94–535–CR, 2–94–536–CR and 2–94–537–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 25, 1996.

Andrew Ottaway, Granbury, for appellant.

Richard L. Hattox, Granbury, for appellee.

Before CAYCE, C.J., and DAUPHINOT and DAVID F. FARRIS (Assigned), JJ.

## OPINION

DAVID F. FARRIS, Justice (Assigned).

In each of three indictments, appellant Larry Allen Bradford was charged with multiple offenses alleged to have occurred on the same day. The offenses were a part of a continuum of offenses directed at three different victims with each indictment alleging offenses against one victim. The jury found Bradford guilty of one offense under two indictments and two offenses under the remaining indictment. Bradford stands convicted of aggravated assault, aggravated robbery, and aggravated kidnapping.

On appeal Bradford raises the same points in all three cases: the jury verdict rejecting his insanity defense was against the great weight and preponderance of the evidence and the trial court erred in not requiring the State to elect between multiple counts in each of the three indictments. We overrule both points and affirm his three convictions because the evidence supporting his sanity is not outweighed by evidence to the contrary and the State is no longer required to elect which of multiple counts will be urged.

■ In his first point of error, Bradford contends that the jury finding that he was sane at the time of the crimes was against the great weight and preponderance of the evidence. Insanity is an affirmative defense to prosecution. *See Meraz v. State*, 785 S.W.2d 146, 153 (Tex.Crim.App.1990). A defendant has the burden to prove an affirmative defense by a preponderance of the evidence. TEX.PENAL CODE ANN. § 2.04 (Vernon 1994). In reviewing this point, we consider all evidence relevant to the issue of sanity and determine if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Meraz*, 785 S.W.2d at 155. Before we can sustain Bradford's first point we must first detail the relevant evidence, stating how the sanity verdict is against the great weight of the evi-

dence, and clearly stating why that verdict is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *See id.* at 154 n. 2 (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986) (op. on reh'g). We overrule point of error one because the evidence supporting Bradford's plea of insanity does not outweigh the evidence he was sane.

■ Three doctors, the emergency room doctor who treated Bradford for injuries suffered during the offenses and two psychiatrists, testified on the question of Bradford's sanity. One of the psychiatrists opined that Bradford was insane when the offenses occurred; the other doctors found him sane. In his argument under point one Bradford ignores the evidence supporting the verdict. Further, he points to nothing in the record that compels a finding that the witness who testified favorably to Bradford was more credible than the other two witnesses. In sum, Bradford urges us to apply an incorrect standard of review and substitute our finding for the jury's verdict. Point of error one is overruled.

■ In his second point of error, Bradford contends that the State should have been required to elect between multiple counts in each case. In support of his contention, Bradford relies upon opinions in cases tried before the 1987 amendment[1] to section 3.01 of the Texas Penal Code. *See Holcomb v. State*, 745 S.W.2d 903 (Tex.Crim. App.1988); *Ponder v. State*, 745 S.W.2d 372 (Tex.Crim.App.1988). Section 3.02 of the Texas Penal Code permits a defendant to be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX.PENAL CODE ANN. § 3.02 (Vernon 1994). Before the effective date of the 1987 amendment, section 3.01 restricted "criminal episode" to offenses against property. The amendment expanded "criminal episode" to include the commission of offenses against persons or property.[2] Because Brad-

---

1. Act of May 22, 1987, 70th Leg., R.S., ch. 387, § 1, 1987 Tex.Gen.Laws 1900, 1900 *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3591 (current version at TEX.PENAL CODE ANN. § 3.01 (Vernon 1994)).

2. Prior to the amendment, the statute referred only to offenses "defined in Title 7 of this code (Offenses Against Property)." The amendment changes the definition of "criminal episode" to harm, regardless of whether it is directed against "more than one person or item of property...." Act of May 22, 1987, 70th Leg., R.S., ch. 387,

ford committed his offenses after the effective date of the amendment, the State was not required to make an election. Point of error two is overruled.

The judgments are affirmed.

§ 1, 1987 Tex.Gen.Law 1900, 1900 (amended 1993).