TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00242-CR







Jose Lopez Uzal, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF BEXAR COUNTY


NO. 689101, HONORABLE AL ALONSO, JUDGE PRESIDING







 Jose Lopez Uzal, appellant, was convicted by a jury of driving while intoxicated,
and sentenced to six months in jail, probated for two years, and a fine of $650. See Tex. Penal
Code § 49.04 (West Supp. 2000). He appeals, claiming the jury charge was fundamentally
defective because it lacked a form for a "not guilty" verdict. We disagree and will affirm the
conviction.

 The charge contained the following statements: 


In the event you have a reasonable doubt as to the defendant's guilt after
considering all the evidence before you, and these instructions, you will acquit the
defendant and say by your verdict "not guilty." 


. . . 


Suitable forms for your verdict are hereto attached. Your verdict must be in
writing and signed by your presiding juror. 


. . . 


After you have reached a unanimous verdict, the presiding juror will certify hereto
by filling in the appropriate form attached to this charge and signing it as the
presiding juror. 



The appellant's trial counsel objected to the charge, but never objected to the omission of a "not
guilty" form. The only form in the record is the "guilty" form, signed by the presiding juror. 
There is no indication in the record whether the charge originally contained a "not guilty" form. 
The appellant did not file a motion for a new trial, therefore there was no hearing that might
indicate whether the "not guilty" form was in fact omitted. 

 If a defendant does not object to alleged jury charge error, he must on appeal show
"fundamental error," meaning he must show the error was so egregious and created such harm
that he was deprived of a fair and impartial trial. See Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (opinion on rehearing). Omission of a "not guilty" form is not
fundamental error. See Kham v. State, 689 S.W.2d 324, 326 (Tex. App.--Fort Worth 1985, pet.
ref'd); Allen v. State, 686 S.W.2d 685, 689 (Tex. App.--San Antonio 1985, no pet.). Without an
objection or a showing that the appellant did not have an opportunity to object, the issue is not
properly before us for review. See Bolden v. State, 489 S.W.2d 300, 302 (Tex. Crim. App.
1972); see also Marin v. State, 374 S.W.2d 227, 229 (Tex. Crim. App. 1963) (defendant did not
show jury forms were omitted).


 We overrule the appellant's issue and affirm the trial court's judgment.



 


 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: January 6, 2000

Do Not Publish



 THIRD DISTRICT, AT AUSTIN






NO. 03-99-00242-CR







Jose Lopez Uzal, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF BEXAR COUNTY


NO. 689101, HONORABLE AL ALONSO, JUDGE PRESIDING







 Jose Lopez Uzal, appellant, was convicted by a jury of driving while intoxicated,
and sentenced to six months in jail, probated for two years, and a fine of $650. See Tex. Penal
Code § 49.04 (West Supp. 2000). He appeals, claiming the jury charge was fundamentally
defective because it lacked a form for a "not guilty" verdict. We disagree and will affirm the
conviction.

 The charge contained the following statements: 


In the event you have a reasonable doubt as to the defendant's guilt after
considering all the evidence before you, and these instructions, you will acquit the
defendant and say by your verdict "not guilty." 


. . . 


Suitable forms for your verdict are hereto attached. Your verdict must be in
writing and signed by your presiding juror. 


. . . 


After you have reached a unanimous verdict, the presiding juror will certify hereto
by filling in the appropriate form attached to this charge and signing it as the
presiding juror. 



The appellant's trial counsel objected to the charge, but never objected to the omission of a "not
guilty" form. The only form in the record is the "guilty" form, signed by the presiding juror. 
There is no indication in the record whether the charge originally contained a "not guilty" form. 
The appellant did not file a motion for a new trial, therefore there was no hearing that might
indicate whether the "not guilty" form was in fact omitted. 

 If a defendant does not object to alleged jury charge error, he must on appeal show
"fundamental error," meaning he must show the error was so egregious and created such harm
that he was deprived of a fair and impartial trial. See Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (opinion on rehearing). Omission of a "not guilty" form is not
fundamental error. See Kham v. State, 689 S.W.2d 324, 326 (Tex. App.--Fort Worth 1985, pet.
ref'd); Allen v. State, 686 S.W.2d 685, 689 (Tex. App.--San Antonio 1985, no pet.). Without an
objection or a showing that the appellant did not have an opportunity to object, the issue is not
properly before us for review. See Bolden v. State, 489 S.W.2d 300, 302 (Tex. Crim. App.
1972); see also Marin v. State, 374 S.W.2d 227, 229 (Tex. Crim. App. 1963) (defendant did not
show jury forms were omitted).


 We overrule the appellant's issue and affirm the trial court's judgment.



 


 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson