2) Caption, civil cases









 COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





JAMES RENA BROWN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-01-00377-CR


Appeal from the


385th District Court


of Midland County, Texas 


(TC# CR26046)


M E M O R A N D U M O P I N I O N


 James Rena Brown appeals a nine count conviction of sexual abuse of a child. He
raises eight issues. In his first four issues he essentially complains that he was denied a
unitary trial because he pled nolo contendere to one count, and because the court accepted
the plea without objection from the State, the State made an election and waived the other
eight counts. In the following issues, he charges the trial court erred in denying Appellant's
right to impeach a witness, admitting improper extraneous evidence, denying a motion for
new trial when the prosecutor commented on Appellant's failure to testify, and finally that
his 129 year sentence is unconstitutional. We affirm. (1)

I

 B.G. was born December 20, 1987 making her 13 at the time of trial. She lived with
her mother and two young brothers. Appellant pled nolo contendere to count six of the
indictment, which charged that Appellant on June 20, 1993 did, with intent to arouse and
gratify his sexual desire, engaged in sexual contact with B.G., a child younger than 17, (not
his spouse), by touching any part of the genitals of the said child. He pled not guilty to the
remaining eight counts. Prior to trial, the trial court granted Appellant's motion to sever six
additional counts for sexual offenses against one of B.G.'s brothers and two additional counts
for sexual offenses against her other brother. The jury found Appellant guilty of all counts. 
 The evidence showed the minor child B.G. often stayed with Appellant and he was
called "Uncle J. B." B.G., her mother and siblings often spent the night with Appellant.
When B.G. was asleep, Appellant would put his finger in her vagina. The abuse started when
she was about seven. Appellant would do this every time she stayed with him. On another
occasion Appellant asked her to play house and made her touch his penis, he placed it on her
vagina, rubbed it between her lips, and apparently ejaculated. On yet another occasion, when
she got out of the shower, Appellant touched her breasts over her shirt and touched her
vagina. At the punishment phase, the jury also heard from B.G.'s two brothers, that
Appellant sexually abused one of them nine or ten times and the other brother "most of the
time" he stayed with Appellant. Both juveniles testified they were penetrated by Appellant
in the rectum.

 The jury returned five sentences of 99 years, three sentences of 20 years, and one
sentence of 10 years. The trial court ordered the 99 year sentences to run concurrently, the
20 years sentences to run concurrently after Appellant completed his 99 year sentence, and
the 10 year sentence to run after completion of the 20 years sentence. 

II

 In his first two issues, Appellant argues that the submission of all nine counts of the
indictment violates his right to due process and due course of law under our respective
constitutions. He contends that because his nolo contendere plea to one count was accepted,
and the State did not object, it made an election between the various counts. He cites
Reseburg v. State, 656 S.W.2d 84, 87 (Tex. App.--Tyler 1983, writ ref'd) cert. denied, 464
U.S. 985, 104 S.Ct. 431, 78 L.Ed.2d 364 (1984), for the proposition that the State may elect
between separate offenses of an indictment, but it must observe its choice if it makes an
election. See id. However, the Reseburg court holds: "It is well settled that the right of
election belongs to the State and not the defendant, and the State is entitled to submit the
more serious offense to the jury." Id. at 87. There Appellant contended that the court, by
allowing him to change his plea on one count to guilty, effectively caused an election and this
precluded the jury from considering another count of aggravated sexual abuse. Id. Reseburg
rejects this argument. Id. Appellant further argues that the nolo plea is no different than a
guilty plea, and he was denied a unitary proceeding. He argues that by Appellant's plea and
the State's election, the proceeding should have been converted from a bifurcated process
into a unitary process citing Garza v. State, 878 S.W.2d 213 (Tex. App.--Corpus Christi 1994,
writ ref'd). This case is not in point; it deals primarily with factual sufficiency, and the effect
of a guilty plea in raising sudden passion. See id. 

 The State counters that it was neither required nor did it elect between offenses joined
pursuant to Section 3.02 of the Penal Code. Tex. Penal Code Ann. § 3.02 (Vernon 2001). 
It cites Bradford v. State, 915 S.W.2d 175, 176-77 (Tex. App.--Fort Worth 1996, no pet.). 
Bradford indeed holds that the State was not required to make an election. Id. at 177. 
Appellant makes no further citation to authority or the record indicating the State implicitly
or explicitly made an election.

 Finally, Appellant concludes his due process argument by citing Safari v. State, 961
S.W.2d 437 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). Other than generally stating
due process applies to trials, Safari deals with a trial court's "not allowing the witness to
testify." Id. at 442. Safari hardly suffices to advance Appellant's hunt for harmful error. 
Appellant's first and second issues are overruled.

 In issues three and four, Appellant reiterates his denial of a unitary trial by virtue of
the court's charge. Because the trial court allowed the jury to consider all nine paragraphs
of the indictment, instead of considering only the one paragraph he pled nolo contendere to,
he was subjected to nine separate felony offenses and convictions. Therefore, according to
the argument, Appellant should have received a maximum of 20 years and $10,000 fine
under count six.

 The State correctly observes that under the Code of Criminal Procedure, two or more
offenses arising out of the same criminal episode can be joined in a single indictment with
each offense stated in a separate count. Tex. Code Crim. Proc. Ann art. 21.24(a) (Vernon
2003). Furthermore, a bifurcated trial is mandated in all felony jury trials on a plea of not
guilty. Tex. Code Crim. Proc. Ann 37.07 § 2(a) (Vernon 2003). Appellant offers no
authority requiring his trial not be bifurcated. Appellant's third and forth issues are
overruled.

 Appellant next challenges the trial courts exclusion of certain testimony of B.G.'s
mother, Debra Hawkins. He charges the trial court erred in denying Appellant's right to
impeach a witness. At the conclusion of Hawkins' testimony, trial defense counsel made an
offer of proof concerning a 1991 CPS investigation involving Trevorick Brown. He further
asked to be allowed further questions about Hawkins's background and to establish the race,
identity and some more information about the background of her boyfriend Frederick Glover. 
On appeal the sole complaint addresses the CPS investigations, specifically the 1991
investigation, and B.G.'s role in those investigations concerning a complainant of sexual
abuse by another one of Hawkins's boyfriends directed toward B.G. Appellant's reference
to the record does not show an offer of proof concerning a complaint of sexual abuse by
another of Hawkins's boyfriends. Rather only a very general offer of a 1991 and other
undescribed investigations involving Trevorick Brown were argued. Appellant now
contends his trial strategy was to convince the jury Hawkins had a motive for implicating
Appellant as the person guilty of sexual misconduct toward B.G. He argues Hawkins sought
to shift responsibility from herself to other acquaintances to lessen CPS's supervision of
herself and her children. Appellant cites only United States v. Agurs, 427 U.S. 97, 96 S.Ct.
2392, 49 L.Ed.2d 342 (1976) for the proposition that in a close case, relatively minor
evidence may create a reasonable doubt. This case actually concerns a prosecutor's duty to
disclose material evidence. Id. at 112-13. Agurs holds: "This means that the omission must
be evaluated in the context of the entire record. If there is no reasonable doubt about guilt
whether or not the additional evidence is considered, there is no justification for a new trial.
"On the other hand, if the verdict is already of questionable validity, additional evidence of
relatively minor importance might be sufficient to create a reasonable doubt." Id. at 112-13.

 The State counters that error, if any, is not preserved citing Tex. R. App. P. 33.1(a) and
State v. Mercado, 993 S.W.2d 815, 817 (Tex. App.--El Paso 1999, pet. ref'd.)(citing State
v. Mercado, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998) (we have not afforded the courts of
appeals latitude to reverse a trial court's decision on new theories of law not previously
presented to that court for its consideration). Points not argued at the trial court level are
deemed waived. See id. at 817. We agree. In a shot gun offer, glossing over at least seven
different items of proffered evidence, Appellant failed to present a complainant to the trial
court with sufficient specificity to make the trial court aware of the objection or the theory
of the offer. Tex. R. App. P. 33.1(a). Appellant first made known this theory of admissibility
on appeal. Nor did Appellant argue that he wanted to use a ten year old investigation as
impeachment. We hold that this error, if any, was waived. Mercado 972 S.W.2d at 77. 
Appellant's fifth issue is overruled.

 Next Appellant argues that the trial court improperly allowed evidence of extraneous
offenses at the punishment hearing when the State waived the opportunity to do so prior to
resting its case in chief. The argument is couched in terms of a constitutional violation of
the separation of powers under Article V, Section 31, of the Texas Constitution. See Tex.
Const. art. V, § 31. He argues the legislature has improperly taken away the trial court's
power to act as a rule maker (under the Rules of Evidence) and has usurped that power for
itself under Article 37.07(a)(1) of the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann art. 37.07 § 3(a)(1) (Vernon 2003). There the Code provides other evidence of
extraneous crimes or bad acts shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible are
admissible notwithstanding evidentiary Rules 404 and 405. Id.; Tex. R. Evid. 404, 405. 
Appellant acknowledges that our sister court has already addressed the issue and rejected this
argument. Parker v. State, 51 S.W.3d 719 (Tex. App.--Texarkana, 2001 no pet.). In Parker,
the court observed that the Texas Constitution expressly grants the judicial branch authority
over judicial administration. Id. at 725, 726 (citing TEX. CONST. art. V, § 31 and Armadillo
Bail Bonds v. State, 802 S.W.2d 237, 240 (Tex. Crim. App. 1990). "Under the
circumstances, Article 37.07, Section 3(a)(1) violates Article V, Section 31 only if the
Legislature, in the exercise of its constitutional authority, has so interfered with the judicial
branch as to prevent the effective exercise of the latter branch's constitutionally assigned
powers." Id. The rationale is strong because the trial court must determine in the first
instance whether it "deems relevant" the matter for sentencing. Tex. Code Crim. Proc.
Ann. art. 37.07 § 3(a)(1) (Vernon 2003). Nor do we read that the trial court is precluded
from applying evidentiary Rule 403. See Tex. R. Evid 403. While the act clearly expands
evidence that may be considered against a defendant, it also facially expands evidence of
good character, his general reputation, opinions on character and participation in certain
programs. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon 2003). We agree with
the State that the article does not intrude upon the core powers of the judiciary to hear
evidence, decide issues of fact, decide relevant questions of law, enter judgment on the facts
and law, and to execute the judgment or sentence. Armadillo Bail Bonds, 802 S.W.2d at 240.

 Appellant also re-urges he was entitled to a unitary proceeding. And we reiterate, a
bifurcated trial is mandated in all felony jury trials on a plea of not guilty. Tex. Code Crim.

Proc. Ann. art. 37.07 § 2(a) (Vernon 2003). Appellant's seventh issue is overruled.

 Next Appellant challenges the trial court's refusal to grant a mistrial after the
prosecution purportedly commented upon Appellant's failure to testify. The prosecutor
argued to the jury: "Because of those conflicting statements to Therwanger and Daylen
Burnett, his credibility has been impeached. You don't have to believe something--" At this
point the defense objected, the court sustained the objection and instructed the jury to
disregard the last statement of the prosecutor. The defense requested a mistrial, which was
denied.

 Appellant argues that a comment of the defendant's failure to testify is always
impermissible citing Cantu v. State, 939 S.W.2d 627 (Tex. Crim. App. 1997). Rather
Cantu's forty five issues ranging over twenty three pages involved a gang rape and murder
where the prosecutor purportedly misstated the law. (2) Id. at 633. While the opinion states the
standard of review for improper jury argument, it does not specifically address the issue at
hand. Id. 

 Argument will constitute a comment upon the defendant's failure to testify if the
language used is manifestly intended or is of such a character that the jury would naturally
and necessarily take it to be a comment on the accused's failure to testify. Caldwell v. State,
818 S.W.2d 790, 800 (Tex. Crim. App. 1991); Dickinson v. State, 685 S.W.2d 320, 323 (Tex.
Crim. App. 1984); Banks v. State, 643 S.W.2d 129, 134 (Tex. Crim. App. 1982). The facts
and circumstances of each case must be analyzed to determine whether the language is of
such a character as to direct the jury to the defendant's failure to testify. Dickinson, 685
S.W.2d at 323. Here the prosecutor juxtaposed two of Appellant's pre-trial statements,
argued to be in conflict. Therefore, the jury need not believe all parts of the out of court
statements. 

 The argument addressed the credibility conflict of two differing statements. In other
words, the statement would not necessarily and naturally be understood by the jury to refer
to Appellant's failure to testify. Nor is there a necessary implication that the statement
referred to Appellant's failure to testify. See Caldwell 818 S.W.2d at 800. We find the
prosecutor's comment was not error.

 Even assuming error, it was cured by the trial judge's instruction to the jury to
disregard the prosecutor's comments. Bower v. State, 769 S.W.2d 887, 907 (Tex. Crim. App.
1989), cert. denied, 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989). After a careful
review of the record, as well as our analysis of the nature of the prosecutor's comment, we
hold that this comment was not so objectionable that it could not be cured by an instruction
to the jury to disregard. This issue is overruled.

 Appellant finally complains that his constitutional rights were violated because his
sentence was greater than 20 years and a $10,000 fine. He argues that cruel and unusual,
alternately cruel or unusual punishment, are prohibited under the Eighth Amendment and
Article 1, Section 13 of the Texas Constitution. He concedes that there is no state
constitutional violation if the punishment is within the range of punishment established by
the legislature. He cites McNew v. State, 608 S.W.2d 166 (Tex. Crim. App. 1978). Once
again without a pin cite, we have reviewed McNew for any material Texas constitutional
reference. There is none. McNew does reference contentions of sentencing violations under
the due process rule of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d
656 (1969). McNew, 608 S.W.2d at 176. In Pearce the accused was retried, convicted, and
sentenced by the trial judge to an eight-year prison term, which, when added to the time
Pearce had already spent in prison, it amounted to a longer total sentence than that originally
imposed. North Carolina, 395 U.S. at 713. Even Pearce, though dealing with Fifth not
Eighth amendment rights, was overruled by Alabama v. Smith, 490 U.S.794, 109 S.Ct. 2201,
104 L.Ed.2d 865 (1989). (3) Notwithstanding, we independently conclude that in general, the
Texas courts have held that punishment which falls within the limits prescribed by a valid
statute is not excessive, cruel, or unusual. Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.--Tyler 1996 pet. ref'd.) (citing Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); 
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Appellant's punishment falls
within the applicable range prescribed by the legislature. 

 In his federal argument, Appellant says his sentence must be proportional even when
they are within statutory parameters. He cites Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001,
77 L.Ed.2d 637 (1983). The State argues that Solem may no longer be the law, citing
McGruder v. Puckett, 954 F.2d 313 (5th Cir. Miss. 1992) cert denied, 506 U.S. 849, 113
S.Ct. 146, 121 L.Ed.2d 98. However, the cases cited by the State and our own research
indicate Texas does apply a federal proportionality test. See e.g. Baldridge v. State, 77
S.W.3d 890, 893 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd). Baldridge held that only
if the court infers that the sentence is grossly disproportionate to the offense, should the court
then consider the remaining factors of the Solem test and compare the sentence received to
(1) sentences for similar crimes in the same jurisdiction, and (2) sentences for the same crime
in other jurisdictions. Id. See also Harmelin v. Michigan, 501 U.S. 957, 1004-06, 111 S.Ct.
2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., plurality op.). 

 Punishment will be grossly disproportionate to a crime only when an objective
comparison of the gravity of the offense vis a vis the severity of the sentence reveals the
sentence to be extreme. Id. We need not reiterate the horrific sexual conduct of a grown
man with a young girl of tender age. Beginning when she was seven years old, B.G. was
subjected to repeated and increasingly intrusive sexual contact by Appellant. The jury heard
of Appellant's repeated anal penetrations of B.G.'s two young brothers. To destroy the
innocence of even one child in some cultures would demand death, or worse. The three
sequential concurrent sentences are not grossly disproportionate for his perverse and
shameful conduct with children. The jury expressed society's right within the law, to protect
its own young, and determined that Appellant should be punished by incarceration until he
is very old. Appellant's final issue is overruled. The judgment is affirmed.

November 21, 2003 


 

 DON WITTIG, Senior Justice



Before Panel No. 5

Larsen, Chew, and Wittig, JJ.

(Wittig, J., sitting by assignment)


(Do Not Publish)
1. Both counsel for the State and Appellant are admonished for their often inaccurate citations to the record.
2. Appellant's counsel does a disservice to the court and his client when he continually ignores proper
citation rules and fails to advance pin-point citations. Further the issue may have been waived by the failure of trial
counsel to object on the first occasion when the prosecutor made essentially the same argument.
3. It is only because Appellant was subjected to 129 years' confinement, that we address Appellant's
complaints though few if any, are properly supported by citation to the record and cogent authority. See Tex. R.
App. P. 38.1(h); Cf. Tex. R. App. P. 38.9(b).